Bronislawa HARASIMOWICZ, Adminis-
tratrix of the Estate of Leon Z. Harasi-
mowicz, Deceased, and Bronislawa Har-
asimowicz, in her own right

v.

Joseph McALLISTER et al.

Civ. A. No. 77–2190.

United States District Court,
E. D. Pennsylvania.

Feb. 21, 1978.

Joseph London, Engle & London, Phila-
delphia, Pa., for plaintiff.

Stephen Saltz, Asst. City Solicitor, Phila-
delphia, Pa., for defendant.

Joseph H. Foster, Philadelphia, Pa., for
Northeastern Hospital.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

The estate of Leon Harasimowicz filed
this civil rights action alleging that the
defendants, police officers in the City of
Philadelphia, had killed Leon Harasimowicz.
Following the death of Harasimowicz, an
autopsy was performed by Dr. Aronson,
Medical Examiner for the City of Philadel-
phia, pursuant to the statutory duties im-
posed upon the Medical Examiner by 16
P.S. § 9521 [1] and § 2–102 of the Philadel-
phia Code.[2] Defendants intend to call Dr.

---

1. Section 9521 provides:

   *Coroner to investigate facts in deaths un-
   der suspicious circumstances*

   It shall be the duty of the coroner or the
   deputy coroner of any county in this Com-
   monwealth, in all cases where death is sud-
   den or violent or is of a suspicious nature and
   character, to cause a careful investigation of
   the facts concerning said death to be made,
   to ascertain whether the death was due to
   other than natural causes, and to make or
   cause to be made such an autopsy as the
   facts of the case may demand.

2. Section 2–102 provides:

   *Coroner, Coroner's Inquest and Jury.*

   (1) The Coroner is abolished and no person
   shall be elected as such officer.

   (2) All powers and duties previously exer-
   cised and performed by the Coroner relating
   to inquests shall be exercised and performed
   by an Examiner to be appointed by the
   Health Commissioner except that the Coro-
   ner's Jury is abolished.

   (3) All powers and duties previously exer-
   cised and performed by the Coroner relating
   to the investigation of sudden, violent and

Aronson as an expert witness in this case to testify to his medical opinions drawn from the autopsy. Plaintiff now seeks to depose Dr. Aronson and to disclose the documents upon which Dr. Aronson relied in conducting the autopsy. Dr. Aronson has agreed to provide plaintiff with the Medical Examiner's report, photographs, physical evidence, laboratory reports and ballistic reports, but defendants have moved for a protective order prohibiting plaintiff from deposing Dr. Aronson or requiring disclosure of the outside medical opinions upon which the Doctor relied in performing the autopsy.[3] For the reasons stated below, the motion will be denied.

The thrust of defendants' argument in seeking the protective order is that Dr. Aronson is an expert who will be called at trial. Thus, they conclude that he is entitled to the protections of Fed.R.Civ.P. 26(b)(4)(A)(i) requiring plaintiff to proceed by interrogatories rather than by deposition. Plaintiff concedes that Dr. Aronson is an expert, but contends that the Rule does not apply since Dr. Aronson's opinion was not "acquired or developed in anticipation of litigation or for trial." Plaintiff argues that since Dr. Aronson conducted the autopsy pursuant to the statutory mandate rather than in anticipation of this litigation, he should be treated as an ordinary witness subject to a deposition by either party.

■ The protective provisions of Fed.R. Civ.P. 26(b)(4) are triggered only when an opponent attempts to discover "facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule, and acquired or developed in anticipation of litigation or for trial." Thus, the protection is not limitless, but applies only to experts who were consulted with an eye toward litigation. *See*

Wright & Miller, 8 Federal Practice & Procedure, Civil § 2033 (1970). The Advisory Committee note to subdivision (b)(4) states:

It should be noted that the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness.

*See Duke Gardens Foundation, Inc. v. Universal Restoration, Inc.,* 52 F.R.D. 365 (S.D. N.Y.1971). While the language "actor or viewer" is not directly on point, the principle conveyed in the note applies to Dr. Aronson. Dr. Aronson made his examination without consulting defense counsel in this case and pursuant to his obligation to determine the cause of death. Indeed, the examination which forms the basis for Dr. Aronson's opinion was a matter of routine practice in the course of his duties as a City employee. *Cf. Frankenhauser v. Rizzo,* 59 F.R.D. 339, 342 n.5 (E.D.Pa.1973) ("the investigation made by the police was undertaken not in anticipation of litigation but rather as a routine procedure").

■ We conclude that Dr. Aronson did not obtain or develop the information in anticipation of litigation or trial. Thus, he does not fall within the protective provisions of Fed.R.Civ.P. 26(b)(4) and he should be treated as an ordinary witness subject to deposition. Therefore, the motion for a protective order will be denied.

suspicious deaths and the determination of whether the person or persons responsible shall be charged with crime are transferred to the Examiner.

(4) All powers and duties previously exercised and performed by the Coroner relating to the service of process are transferred to the Examiner.

(5) All powers and duties previously exercised and performed by the Coroner relating

to the determination of the cause of a death and conducting of autopsies are transferred to the Department of Public Health and shall be exercised and performed by an Examiner.

**3.** Dr. Aronson has also invoked Fed.R.Civ.P. 45(b) to object to the discovery requests of plaintiff. For the reasons stated in this Memorandum, we conclude that there is no basis for these objections.