**Samuel Steven LEE, Plaintiff,**

v.

**Richard A. KNUTSON, M.D.,
Defendant.**

**Jeannine LEE, Plaintiff,**

v.

**Richard A. KNUTSON, M.D.,
Defendant.**

**Nos. GC 83–392–WK–O, GC
83–393–WK–O.**

United States District Court,
N.D. Mississippi,
Greenville Division.

Aug. 28, 1986.

William Liston, Jerry Read, Winona, Miss., for plaintiffs.

Tommie Williams, Greenwood, Miss., J. Murray Akers, Greenville, Miss., for defendant.

## OPINION AND ORDER

J. DAVID ORLANSKY, United States Magistrate.

Presently before the court in the above entitled consolidated medical malpractice actions is Plaintiffs' Motion for Leave to Take Certain Evidentiary Depositions. The motion has been fully briefed and is now ripe for decision. Briefing was completed with the submission of plaintiffs' rebuttal brief late yesterday afternoon. The court accords the motion priority treatment because the cases are scheduled for trial before Judge Keady on September 29, 1986— one month from now.

By their motion plaintiffs seek leave to take the oral depositions of six medical witnesses, each of whom has rendered pro-

fessional services to plaintiff Samuel Steven Lee. The proposed deposition witnesses are Drs. Mark C. Kappleman, Charles C. Anastasio, and M.B. Workman, all of New Orleans, Louisiana, who treated Mr. Lee after he was moved from Delta Medical Center in Greenville to New Orleans in January, 1982; Dr. Dwayne G. Messner, a Denver, Colorado orthopaedic surgeon who treated Mr. Lee after his return to his Denver home; Dr. Wayne Stevens, a Denver psychologist, who has treated Mr. Lee for phantom limb pain; and Vance Meadows, a Denver prosthesist, who fitted him for a prosthesis. The discovery deadline expired on December 31, 1985. Accordingly, plaintiffs cannot now take these depositions except by leave of court. Defendant Knutson opposes the motion on dual grounds. He argues (1) that plaintiffs' request is untimely, and (2) that the proposed depositions are improper because plaintiffs have failed to identify these witnesses and state the substance of and basis for their expected testimony in response to interrogatories served by defendant Knutson, and have also failed to produce copies of records and reports prepared by the witnesses, as requested by defendant Knutson pursuant to Rule 34, Federal Rules of Civil Procedure. The court is of the opinion that defendant Knutson's opposition to the motion is well taken on both grounds and that the motion should therefore be denied.

### 1. Timeliness.

■ These six witnesses all rendered their respective services to Mr. Lee in 1982, though some services may have been rendered by the Denver witnesses more recently. Thus, their identity and the necessity for their testimony has been known to the plaintiffs virtually since the inception of these lawsuits. Defendant Knutson points out in his memorandum—undisputed by plaintiffs—that months ago there was discussion between counsel concerning the taking of these depositions; that counsel for plaintiffs attempted to induce defense counsel to depose the witnesses; and that defense counsel declined to do so. Furthermore, both Messner and Meadows were listed by plaintiffs as live may call witnesses in plaintiffs' version of the pretrial order submitted at the July 15, 1986 final pretrial conference.

Defendant Knutson argues that it is unfair and unreasonable to expect his attorneys, only a month before trial, to suspend their other trial preparations and lay aside all of their other obligations in order to prepare for and travel to Denver, Colorado and New Orleans, Louisiana to participate in depositions which could and should have been taken months or years ago. Plaintiffs counter with an offer to take the Denver depositions by telephone and to pay the expenses of one attorney for defendant Knutson to travel to New Orleans for the depositions to be taken there, asserting that they cannot be taken by telephone because the New Orleans witnesses will be called upon to examine and testify from various medical records. While plaintiffs' proposals would relieve defendant Knutson of much of the expense of the depositions, expense is not the primary basis for his opposition. Defense counsel would still be required to take time, only a month from trial, to prepare for and participate in all of these depositions, as well as to travel to and from New Orleans, even though at plaintiffs' expense. At this late stage of the proceedings, and in view of counsel's other obligations which, of necessity, would have to be put aside, the court is of the opinion that it would be unfair and unreasonable to require that they do so in the absence of strong justification for plaintiffs' delay in taking the depositions, which, if they are necessary to the presentation of plaintiffs' case, were as obviously necessary long ago as they are today.

Plaintiffs meet that burden only by arguing that it is within the court's discretion to allow the depositions to be taken. That is certainly true, but in order that the court's action constitute a true exercise of discretion, rather than an entirely arbitrary exercise of power, plaintiffs are required to furnish the court with a factual context within which its discretion can be exercised. Plaintiffs have wholly failed even to suggest why they did not take these deposi-

tions earlier. Several possible explanations come to mind, but in the absence of some articulation by plaintiffs they amount to nothing more than speculation and cannot serve as the basis for a rational exercise of the court's discretion. Plaintiffs are therefore too late in seeking to take these depositions, and the motion would fail for that reason alone. The court does not establish deadlines merely for the purpose of extending them.

### 2. Defendant Knutson's Discovery Requests.

There is more, however. Plaintiffs' purpose in proposing to take the depositions is to obtain the testimony of the witnesses for the purpose of offering it in evidence at the trial. This is made explicit in their motion by their reference to the proposed depositions as "evidentiary." Under the Federal Rules, of course, there is no such creature as an "evidentiary deposition." Rule 30 authorizes the taking of oral depositions on reasonable notice, and Rule 32 prescribes the circumstances under which depositions may be used in court proceedings. Since each of the six proposed witnesses resides more than 100 miles from the place of trial, their depositions could be used for any purpose, including evidentiary support of plaintiffs' case in chief. Rule 32(a)(3), Federal Rules of Civil Procedure. Thus, it is clear that the taking of the proposed depositions by plaintiff under the circumstances present in this case would, for all practical purposes, constitute a part of the trial itself.

On January 16, 1984—two and one-half years ago—defendant Knutson served upon plaintiffs the following interrogatory:

"1. Identify each person whom you intend to call as an expert witness at trial, and for each expert so listed, state the subject matter upon which each expert is expected to testify, state specifically the substance of the facts and opinions to which each expert will testify and state a summary of the grounds for each expert's various opinions."

At the same time defendant Knutson served a request for production of documents under the provisions of Rule 34, Federal Rules of Civil Procedure, requesting that plaintiffs produce

"3. All hospital and physician records pertaining to the care and treatment of plaintiff subsequent to January 5, 1982."

Though plaintiffs have responded to defendant Knutson's discovery requests, none of the six medical witnesses now proposed to be deposed have been identified as experts to be called at trial; none of the particulars as to their expected testimony called for by the interrogatory have been supplied; and none of their records have been produced pursuant to the Rule 34 request.

Defendant Knutson argues that, in the absence of the information sought by his interrogatory and request for production, he is unprepared to cross-examine these witnesses, and that, plaintiffs having withheld this information despite Knutson's requests, plaintiffs should not be permitted at this late date to take the depositions with the announced purpose of reading them into evidence at the trial. On the other hand, plaintiffs argue that they long ago waived in writing any medical privilege which might have prevented defense counsel from learning what the medical witnesses know about the case, and, further, that since the testimony of the proposed deponents is not evidence which was acquired or developed in anticipation of litigation or for trial, they are not subject to the provisions of Rule 26(b)(4), Federal Rules of Civil Procedure, and plaintiffs were therefore not required to answer, as to them, defendant Knutson's interrogatory concerning expert witnesses. The court concludes that defendant Knutson has the better of the argument.

Plaintiffs' position is grounded in the contention that because, as is made explicit in the first paragraph of the Rule and in the Advisory Committee Notes, Rule 26(b)(4) applies only to " ... facts known and opinions held by experts ... acquired or developed in anticipation of litigation or for trial ...," experts who came by their facts and opinions in some other way, such

as by administering medical treatment to a party, are to be dealt with as ordinary witnesses, and facts known and opinions held by them are not subject to discovery by way of interrogatories such as those described in Rule 26(b)(4)(A)(i). There is ample authority for the proposition that an expert witness, such as a treating physician, whose entire testimony will be based upon his own examination and treatment of a party, is not subject to the provisions of Rule 26(b)(4).[1] Such a non–26(b)(4) expert is subject to discovery without the limitations imposed by Rule 26(b)(4). *See*, Advisory Committee Note to Rule 26(b)(4), 1970 Amendment.[2]

While that much is true, it does not follow, as plaintiffs argue, that they were not required to disclose their intention to use these six medical witnesses in response to defendant Knutson's discovery requests. Rule 26(b)(4) does not create a new right of discovery. Instead, as to 26(b)(4) experts, it limits the general scope of discovery as defined by Rule 26(b)(1). While this means that 26(b)(4) experts are subject to discovery only as provided in Rule 26(b)(4), it does not mean that non–26(b)(4) experts to be called at trial are not discoverable by way of interrogatories similar to those described in Rule 26(b)(4)(A)(i) simply because they are also discoverable by other means.

Rule 26(a) lists the allowable methods of discovery, and Rule 26(b)(4)(A)(i) limits that choice to the interrogatories therein described when discovery is sought concerning 26(b)(4) experts expected to be called as trial witnesses. In all other respects, including discovery concerning non–26(b)(4) trial experts, the choice of discovery methods is unlimited and may include interrogatories, as well as requests for production. Defendant Knutson was not, as plaintiffs

seem to contend, confined to taking the depositions of these witnesses in order to learn the facts known and opinions held by them and the grounds for their opinions. Indeed, the taking of their depositions would not have answered the critical question—whether or not plaintiffs intended to call them as trial witnesses. In the absence of an indication that they intended to do so, defendant Knutson had no need to depose the witnesses. Indeed, it may have been unwise for him to do so, since the depositions could have been used by plaintiffs to support their claim for damages. *See*, p. 107 *supra.*

■ Plaintiffs have failed to cite, and the court's own extensive research has failed to reveal, any reported decision or any scholarly writing in which it has been held or suggested that a party cannot be called upon by interrogatory to identify his non–26(b)(4) trial experts and state the facts and opinions expected to be testified to by them, as well as the bases for their opinions. It logically could not be so. There is simply no reason to hold that non–26(b)(4) trial experts may not be discovered by way of the same interrogatories as 26(b)(4) trial experts. This result flows from precedent as well as logic and common sense.

■ The court agrees with plaintiffs that non–26(b)(4) experts are, for purposes of discovery, to be dealt with as ordinary witnesses. The Rules contain no restrictions as to the methods of discovery which may be employed to learn the identity of such witnesses, nor the facts which they know and the opinions held by them. It was held long before the adoption of Rule 26(b)(4) in 1970 that, if otherwise discoverable, opinions held by experts are properly discoverable by way of interrogatory. *Rowe Spacarb, Inc. v. Cole Products Corp.*, 21

---

**1.** The court will employ the term "26(b)(4) expert" throughout this opinion. Such an expert is more accurately described as one who has been retained or specially employed in anticipation of litigation or for trial. However, the shorthand terminology has the advantage of brevity and for that reason alone is utilized by the court. It should be understood as having the foregoing meaning.

**2.** "It should be noted that the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness."

F.R.D. 311 (ND Ill.1957); *Gagen v. Northam Warren Corp.*, 15 F.R.D. 44, 46 (SD N.Y.1983); *Kendall v. United Airlines*, 9 F.R.D. 702 (SD N.Y.1949). Nothing in the current language of the Rules requires a departure from that general principle. Indeed, the adoption of Rule 26(b)(4)(A)(i) may be said to reinforce it since the interrogatory is now the preferred method for the restricted discovery which is allowed concerning 26(b)(4) experts.[3]

It may be argued that such an interrogatory concerning a non–26(b)(4) expert is the equivalent of an interrogatory seeking to discover the text or substance of a statement obtained from an ordinary witness. Such statements are usually held not to be discoverable, not because witness statements are inherently non-discoverable under the Rules, but because they are in most instances obtained in anticipation of litigation or in preparation for trial and are therefore not discoverable under the work product doctrine in the absence of a showing of particularized need. *See,* Rule 26(b)(3), Federal Rules of Civil Procedure. The work product doctrine has no application here, however, since the facts known to and opinions held by these witnesses were not obtained or developed in anticipation of litigation or in preparation for trial. If that were not the case, plaintiffs would clearly have been required by Rule 26(b)(4)(A)(i) to answer defendant Knutson's interrogatory as to them. Moreover, even if the work product doctrine could somehow be applied to these witnesses, defendant Knutson has shown a need for the information which he seeks in order to effectively cross examine them. To require him to, in effect, go to trial as to these witnesses without the benefit of the information which he sought in a timely manner and by an appropriate method of discovery would indeed be unfair and unreasonable.

Plaintiffs should have identified these witnesses as trial experts in response to defendant Knutson's interrogatory and should have provided defendant Knutson with such medical reports and records as they have in response to his request for production under Rule 34. Even a cursory reading of the interrogatory shows that it is not limited to experts retained or specially employed in anticipation of litigation or for trial. It clearly asks for the identification of " ... each person whom you intend to call as an expert witness at trial." Plaintiffs do not contend that these six persons are not expert witnesses—merely that they are not "26(b)(4)(A) experts." That is a distinction without a difference as

3. In this respect it is of some interest that, although all authorities seem to agree that Rule 26(b)(4) applies only to experts retained or specially employed in anticipation of litigation or for trial, the wording of Rule 26(b)(4)(A)(i) itself is not so restrictive. It provides, *inter alia,* that "[a] party may through interrogatories require any other party to identify *each person whom the other party expects to call as an expert witness at trial.*" (Emphasis supplied). Of course, the introductory paragraph of Rule 26(b)(4) says that discovery concerning facts known and opinions held by experts "... acquired or developed in anticipation of litigation or for trial ..." may be obtained only as provided in 26(b)(4). That language certainly has an effect upon the meaning of Rule 26(b)(4)(A)(i). However, it is equally applicable to Rule 26(b)(4)(B), which nevertheless expressly makes reference to experts who have "... been retained or specially employed by another party in anticipation of litigation or preparation for trial ...," but are not expected to testify. The significance of these variations in wording is obscure and is made more obscure by Rule 26(b)(4)(A)(ii), but one wonders why the drafters failed to include in Rule 26(b)(4)(A)(i) the same explicitly limiting language employed in the introductory paragraph and in Rule 26(b)(4)(B) unless they intended to foreclose the argument which plaintiffs now make. This is suggested also by the statement in the Advisory Committee Note that Rule 26(b)(4)(A) substantially adopts the procedure employed in *Knighton v. Villian & Fassio,* 39 F.R.D. 11 (D Md. 1965). *Knighton* was a personal injury action; the experts in question were physicians; and the plaintiff was required to answer interrogatories calling upon him to "... identify each person whom [he] expects to call as an expert witness at trial, and (ii) to state the subject matter on which the expert will testify." 39 F.R.D., at 13. The court did not limit its ruling to experts' facts and opinions known or held in anticipation of litigation or in preparation for trial.

far as defendant Knutson's discovery requests are concerned.[4]

It is also of no significance here that plaintiffs waived the medical privilege and were willing for defendant Knutson to talk to the witnesses, obtain reports from them and take their depositions. Defense counsel had no reason to prepare to cross examine these particular witnesses until he had reason to believe they would be called as trial witnesses. He attempted to inform himself on that subject two and one-half years ago and was prevented from doing so by plaintiffs' failure to fully respond to his discovery requests. It is no answer to say that defense counsel could have deposed the witnesses himself. *See* p. 108, *supra.* It is for defense counsel, and not plaintiffs, to choose the methods of discovery which he will employ, so long as the choice is not foreclosed by the Rules. It is, therefore ORDERED:

That plaintiffs' Motion for Leave to Take Certain Evidentiary Depositions be, and it is hereby, denied.

---

**4.** Plaintiffs do not even argue that it makes a difference as to their obligation to produce the documents called for by the Rule 34 request. Their argument addresses only their duty to answer the interrogatory.