Patsy Jean CHAKALES and Charles L. Chakales, Plaintiffs,

v.

The HERTZ CORPORATION, a Delaware Corporation Authorized to do Business in the State of Georgia; John Doe, Employee of The Hertz Corporation, a Georgia Resident, Defendants.

Civ. No. 1:91–cv–2291–JEC.

United States District Court, N.D. Georgia, Atlanta Division.

Oct. 8, 1993.

Order on Reconsideration Nov. 12, 1993.

See also, 825 F.Supp. 312.

David S. Bills, Tammy M. Griner, Atlanta, GA, Dan C. Keenan, Savannah, GA, Michael D. Maloney, Richard F. Neville, III, Maloney & Maloney, San Antonio, TX, for plaintiffs.

Charles A. Wiley, Jr., Fain, Major & Wiley, Atlanta, GA, for defendants.

### *ORDER*

CARNES, District Judge.

This case is presently before the Court on objections raised by the parties during the pretrial conference in this case. Plaintiffs object to any testimony at trial by defense witnesses David Brown, Toni Johnson, Edna Washington, Paul Walker, George Smith and Jennifer Page on the ground that these witnesses were not timely identified by Defen-

dant Hertz.[1] Defendant objects to any opinion and/or expert testimony by plaintiffs' witnesses Dennis Gutzmann, Raymond Harle and G. Durairaj on the ground that plaintiffs have not previously identified these individuals as experts in accordance with Local Rule 225–1(c). The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, sustains plaintiffs' objection with respect to defendant's witness David Brown, overrules plaintiffs' objection with respect to defendant's witnesses Toni Johnson, Edna Washington, Paul Walker, George Smith and Jennifer Page, and sustains defendant's objection with respect to any opinion and/or expert testimony by plaintiffs' witnesses Dennis Gutzmann, Raymond Harle and G. Durairaj.

## BACKGROUND

Discovery in this case concluded on May 23, 1992 and defendant's motion to extend discovery was denied on August 19, 1992. None of defendant's witnesses to which plaintiffs have objected were identified prior to the conclusion of discovery. Witnesses Toni Johnson, Edna Washington, Paul Walker, George Smith and Jennifer Page were identified on February 23, 1993 and, according to defendant, have personal knowledge of facts damaging to plaintiffs' "cover-up" theory and alleged spoilage of evidence. Neither a "cover-up" theory nor allegations regarding the spoilage of evidence were raised before the close of discovery. Witness David Brown is an engineer who was hired by defendant to analyze evidence and render an opinion with respect to the physical impossibility of an accident occurring as plaintiffs have described the alleged accident in this case. Mr. Brown was identified as a potential expert witness for the first time on July 6, 1993.

Plaintiffs' witnesses Dennis Gutzmann, Raymond Harle and G. Durairaj were identified by plaintiffs as fact witnesses prior to the close of discovery. Plaintiffs did not identify *any* persons that they intended to call as expert witnesses at any time prior to the close of discovery. In the proposed Pre-

trial Order now before this Court, the plaintiffs indicate that they intend to solicit opinion and/or expert testimony from these witnesses regarding the cause of plaintiff Patsy Jean Chakales' injuries as well as anticipated future medical treatment and expenses.

## DISCUSSION

Plaintiffs oppose the introduction of any testimony from any of defendant's witnesses who were not disclosed prior to the close of discovery on the ground of timeliness. Although it is true that these witnesses were not disclosed prior to the close of discovery, it is also clear that a party has an on-going obligation to investigate matters which come to light as a result of discovery and to supplement prior discovery responses with such newly discovered information pursuant to FED.R.CIV.P. 26(e)(1). Because plaintiffs purportedly have raised allegations regarding cover-up and destruction of evidence for the first time during depositions taken after the close of discovery, defendant was not on notice of the need to investigate such allegations until that time. Thus, the Court overrules plaintiffs' objection to defendant's witnesses Toni Johnson, Edna Washington, Paul Walker, George Smith and Jennifer Page.

Defendant asserts that plaintiffs' objection to expert testimony from witness David Brown should also be overruled. Unlike the other witnesses to which plaintiffs have objected, however, defendant has failed to demonstrate that it lacked knowledge of the need for expert testimony of the type Mr. Brown would give prior to the close of discovery. Defendant argues that Mr. Brown's testimony is relevant to the cover-up and destruction of evidence allegations. Yet, the description of Mr. Brown's testimony does not comport with defendant's assertion. Defendant has known from the earliest stages of this litigation that plaintiffs have alleged that their injuries resulted from a five or six car chain-reaction accident. Defendant has always been on notice with respect to the relevance of expert testimony of the type Mr. Brown is prepared to give. Thus, the Court sustains

---

1. As the parties have never identified Defendant John Doe, all references to "defendant" in this order are references to Defendant Hertz.

plaintiffs' objection to any testimony by defendant's witness David Brown.

■ Defendant objects to any expert and/or opinion testimony by plaintiff Patsy Jean Chakales' physicians because plaintiff failed to identify these witnesses as expert witnesses at any time during the discovery period. Defendant's principal argument for the exclusion of expert testimony by these witnesses is that, without the opportunity to retain its own experts to rebut plaintiffs' expert testimony, defendant would be prejudiced by its admission of this testimony. Plaintiffs argue that defendant was aware that medical services providers were identified as fact witnesses and that such identification gave defendant's notice of forthcoming expert testimony by these witnesses. Plaintiffs argue further that identification of plaintiff Patsy Jean Chakales' treating physicians as experts was not required by the discovery rules because they were not retained in anticipation of litigation and thus are "fact witnesses" even when giving expert and/or opinion testimony.

The cases cited by plaintiffs in support of their position are inapposite with respect to the issue presently before this Court. Plaintiffs have cited *Harasimowicz v. McAllister*, 78 F.R.D. 319 (E.D.Pa.1978), and *Quarantillo v. Consolidated Rail Corp.*, 106 F.R.D. 435 (W.D.N.Y.1985), as well as the Advisory Committee Notes from the 1970 amendments to Rule 26 of the Federal Rules of Civil Procedure, for the proposition that treating physicians, unlike physicians retained in anticipation of litigation, are not experts subject to identification, as such. Plaintiff correctly notes that these authorities require treating physicians to be treated like ordinary witnesses rather than experts for some aspects of discovery. The cases and Advisory Committee Note cited by plaintiffs, however, deal with certain expert witnesses' entitlement to protective orders precluding intrusive discovery by opposing counsel when those experts are retained in anticipation of litigation. The authorities cited by plaintiffs merely indicate that experts who are not retained in anticipation of litigation are not entitled to these protections.

Contrary to plaintiffs' position, the authorities reviewed by this Court appear to indicate that *all* experts must be identified as such in adequate time for the opposing party to act upon the information. *See Prentiss & Carlisle Co. v. Koehring–Waterous Div. of Timberjack, Inc.*, 972 F.2d 6, 8–9 (1st Cir. 1992) (employee of defendant not allowed to give expert testimony due to defendant's failure to identify employee as expert witness pursuant to Rule 26(b)(4)). Further, the Local Rules of this Court are quite explicit in their requirement that experts be designated early in the discovery process:

> (c) Expert Witnesses. Any party who desires to use the testimony of an expert witness *shall designate the expert sufficiently early in the discovery period* to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.
>
> *Any party who does not comply with the provisions* of the foregoing paragraph *shall not be permitted to offer the testimony of the party's expert*, unless expressly authorized by Court order based upon a showing that the failure to comply was justified.

LR 225–1(c), NDGa (emphasis added).

Plaintiffs have clearly violated this local rule. Their designation was well beyond the end of discovery and thus was not made "sufficiently early" to permit defendant an opportunity to depose these witnesses and to retain their own experts. Further, the failure to comply was not justified. Were this Court to permit plaintiffs to use these witnesses as expert witnesses, it would then have to permit defendant to retain their own experts and plaintiffs to depose these experts, both of which events would significantly delay a case that has already been pending for two years.

Thus, the Court sustains defendant's objection to any expert and/or opinion testimony by plaintiffs' witnesses Dennis Gutzmann,

Raymond Harle and G. Durairaj. These witnesses may testify, however, as to events and facts of which they have personal knowledge.

## CONCLUSION

For the foregoing reasons, plaintiffs' objection to testimony by defendant's witnesses David Brown, Toni Johnson, Edna Washington, Paul Walker, George Smith and Jennifer Page is sustained in part and denied in part, and defendant's objection to expert and/or opinion testimony on the part of plaintiffs' witnesses Dennis Gutzmann, Raymond Harle and G. Durairaj is sustained.

SO ORDERED.

## ORDER ON RECONSIDERATION

This case is presently before the Court on plaintiffs' Motion for Reconsideration and/or Other Relief [50–1]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that, in the interest of justice, plaintiffs' motion should be granted.

## BACKGROUND

Plaintiffs' seek reconsideration of this Court's order dated October 8, 1993. Plaintiffs argue that they were not required to list Patsy Jean Chakales' treating physicians in response to an interrogatory which sought:

"the name and address of *each person [plaintiffs] expect to call as an expert witness at the time of the trial* and as to each such witness please advise the subject matter upon which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for the opinions of each such expert." [1]

Def.'s Interrogs. No. 21, *Chakales v. Hertz Corp.*, No. 91–cv–2291 (N.D.Ga. filed Sept. 23, 1991). Plaintiffs' response to this interrogatory was that no experts would testify.

Plaintiffs first disclosure of expert testimony by Patsy Jean Chakales' treating physicians was in Attachment F–1 of the proposed Pretrial Order, which was filed September 7, 1993.

Plaintiffs argue that even if they were required to disclose the requested information about plaintiff Patsy Jean Chakales' treating physicians, any failure to do so was the result of a good faith interpretation of Rule 26 of the Federal Rules of Civil Procedure. Plaintiffs currently seek relief by requesting that they be allowed to present expert and/or opinion testimony on the part of plaintiff Patsy Jean Chakales' treating physicians. Further, although plaintiffs request that they be allowed to present expert testimony not disclosed during discovery, they argue that defendant Hertz should not be afforded the same opportunity to present its own expert testimony to refute plaintiffs' theory of the case.

## DISCUSSION

During discovery, defendant sought the identity of all experts whom plaintiffs expected to call at trial, as well as the substance of the expert's expected testimony. Plaintiffs' response indicated that no expert would testify at trial. Now, plaintiffs state that they wish to call expert medical witnesses and further that they should be allowed to do so because they had no duty to respond affirmatively to defendant's request.

Plaintiffs make this argument notwithstanding the existence of LR 225–1(c), which states unequivocally that any party who desires to use the testimony of an expert witness shall designate that expert during discovery. [2] That rule further provides that any party who does not comply with the rule *shall not* be permitted to offer the testimony of the party's expert.

---

1. For a complete recitation of the facts regarding the underlying dispute see page 240 (order sustaining defendant's objection to plaintiffs' use of treating physicians' expert testimony after plaintiffs' failure to disclose treating physicians as experts during the discovery period).

2. The local rule further provides that designation shall be done sufficiently early in the discovery period to allow the opposing party to depose the expert and to designate his own expert, who can then be deposed prior to the expiration of discovery.

Further, plaintiffs argue that they should be permitted to use this expert testimony notwithstanding the existence of FED. R.CIV.P. 26(b)(1), which provides for the discovery of any non-privileged matter that is relevant to the subject matter of the action, including the existence and identity of persons having knowledge of any discoverable matter.

Plaintiffs argue that they are exempt from both of the above rules because of another sub-section of Rule 26, which sets out limits on the kind of discovery that a party can pursue with regard to experts whose opinions have been "acquired or developed in anticipation of litigation." Specifically, Rule 26(b)(4) provides that discovery of opinions held by experts that would otherwise be discoverable under the rule shall, if developed in anticipation of litigation, be subject to limitations that are not otherwise present with regard to other discovery.[3] Because the exemption that plaintiffs rely on applies *only* to experts who were retained in anticipation of litigation and because plaintiffs emphasize that their expert witnesses were *not* retained in anticipation of litigation, it is difficult to understand how this clearly non-applicable rule offers plaintiffs any support at all. Nonetheless, plaintiffs persist in their reliance on it.

Plaintiffs' principal argument is that Fed. R.Civ.P. 26(b)(4) defines the term "expert" to include only those experts whose testimony was sought or developed in anticipation of litigation. As plaintiffs' argument goes, the definition of "expert" contained in FED. R.EVID. 702 does not apply to discovery matters because Fed.R.Civ.P. 26(b)(4) contains a different and more specific definition for discovery purposes. In support of this construction of Rule 26(b)(4), plaintiffs' cite a number of decisions dealing with discovery matters somewhat akin to the issue presently before this Court. Upon a reading of *every* case cited by the plaintiffs, however, the

Court can find no support for the strained construction urged by plaintiffs.

As properly noted by defendant Hertz and this Court in its October 8, 1993 order, all the cases cited by plaintiffs in support of their position that treating physicians are not "experts" deal with situations in which a party is attempting to limit an opposing party's access to an expert by characterizing the expert as one whose opinion was sought or developed in anticipation of litigation. *See Quarantillo v. Consolidated Rail Corp.,* 106 F.R.D. 435 (W.D.N.Y.1985); *Harasimowicz v. McAllister,* 78 F.R.D. 319 (E.D.Pa.1978). In their Motion for Reconsideration, plaintiffs merely cite this Court to more cases holding that experts who were actors in the events that led to the subject litigation are not entitled to the protections afforded by Rule 26(b)(4) with respect to opinions not acquired in anticipation of litigation. *Marine Petroleum Co. v. Champlin Petroleum Co.,* 641 F.2d 984 (D.C.Cir.1979); *Brandsetter v. Nat'l R.R. Passenger Corp.,* 7 Fed.R.Serv.3d 1219, 1987 WL 12766 (D.D.C.1987); *Sipes v. United States,* 111 F.R.D. 59 (S.D.Cal.1986); *In re International Horizons, Inc.,* 16 B.R. 484 (N.D.Ga.1981) (Evans, J.).

Plaintiffs' interpretation of these cases and of Rule 26 is that because Rule 26(b)(4) prevents an opposing party from employing informal means of discovery, such as interviews without court supervision, with regard to opinions held by experts when such opinions were "acquired or developed in anticipation of litigation or for trial," it follows that a party need not answer formal discovery, such as defendant Hertz's interrogatory 21 in this case, with regard to experts whose expert opinions were *not* acquired or developed in anticipation of litigation. To state the argument is to reveal its utter lack of merit.

Plaintiffs' interpretation is at best strained and at worst an example of blatantly abusive discovery tactics. In fact, much of the case

**3.** In essence, Rule 26(b)(4)(A) provides that with regard to an expert who is expected to be called as an expert witness at trial and whose opinion has been acquired in anticipation of litigation, the opposing party may require the identification of that expert and of the subject matter of his testimony, but that any further discovery, such as a deposition, shall occur only by order of the

Court. Rule 26(b)–(4)(B) provides that with regard to an expert who is *not* expected to be called as a witness at trial, but who has been retained in anticipation of litigation, discovery of facts known or opinions held by such an expert can be had only by a showing of exceptional circumstances or as provided in Rule 35(b).

law cited by plaintiffs is hostile to the construction they now urge. *See Brandsetter*, 7 Fed.R.Serv.3d at 1221–22 (treating physicians are subject to all forms of formal and informal discovery with respect to information not obtained or prepared in anticipation of litigation); *Schulz v. Celotex Corp.*, 942 F.2d 204 (3d Cir.1991) (treating physicians' testimony repeatedly characterized as "expert" testimony even though not acquired in anticipation of litigation); *Williams v. Wal-Mart Stores, Inc.*, 922 F.2d 1357 (8th Cir. 1990) (same); *Bushman v. Halm*, 798 F.2d 651 (3d Cir.1986) (same); *Robichaud v. Theis*, 858 F.2d 392 (8th Cir.1988) (same); *Coleman v. De Minico*, 730 F.2d 42 (1st Cir.1984) (same).

Moreover, this Court's own research has revealed that at least one federal court has rejected the precise argument now forwarded by plaintiffs. *See Lee v. Knutson*, 112 F.R.D. 105, 107 (N.D.Miss.1986) in which the Court ruled that plaintiff's failure to identify treating physicians in response to defendant's interrogatory requesting disclosure of experts expected to testify at trial precluded *any* testimony by the witnesses, even though they had been previously disclosed as treating physicians in response to another interrogatory. In *Lee*, the Court expressly held that treating physicians are not somehow magically converted to lay witnesses by Rule 26(b)(4). 112 F.R.D. at 107–8. Plaintiffs simply have not directed this Court's attention to *any* authority to support their assertion that Rule 26(b)(4) permits a refusal to answer a direct and unambiguous interrogatory seeking the identity of experts expected to testify at trial and then allows use of the testimony of such experts at trial.

Rule 26(a) of the Federal Rules of Civil Procedure establishes the acceptable methods of discovery, which include "depositions ... [and]; written interrogatories." FED. R.CIV.P. 26(a). Included in the matter which is discoverable is "any matter, not privileged, which is relevant to the subject matter involved in the pending action ... including the existence ... and the identity of persons having knowledge of any discoverable matter." FED.R.CIV.P. 26(b)(1). As noted, Rule 26(b)(4) carves out an exception to the general rules established by Rules 26(a) and 26(b)(1) with respect to expert opinion testimony acquired or developed in anticipation of litigation. FED.R.CIV.P. 26(b)(4)(A)–(B). Contrary to the position taken by plaintiffs, however, Rule 26(b)(4) and the Advisory Committee Notes regarding the rule simply had no impact on plaintiffs' obligation to respond to defendant Hertz's interrogatory regarding experts plaintiffs intended to call at trial.

Rule 702 of the Federal Rules of Evidence describes an expert as one who has "scientific, technical, or other specialized knowledge [which] will assist the trier of fact to understand the evidence or to determine a fact in issue." FED.R.EVID. 702. The rule provides further that "a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise." *Id.* Based on plaintiffs' description of the testimony expected to be given by the treating physicians listed in Attachment F–1 of the proposed Pretrial Order, plaintiffs clearly intend to elicit scientific opinion testimony, regarding a fact in issue, in order to assist the trier of fact, and intend to elicit such testimony from persons specially qualified to render such opinions.

Based on the foregoing, the Court concludes that the treating physicians at issue are "experts" pursuant to the applicable rule of evidence and that Rule 26(b)(4) does not alter in any way the definition of "expert" for purposes of discovery. Indeed, even without an examination of case law, the clear language of the rule is at odds with plaintiffs' argument that it limits the definition of an expert to one whose opinion was acquired or developed in anticipation of litigation. That is, Rule 26(b)(4) addresses discovery of the opinions of experts that are "otherwise discoverable" *and* that were "acquired or developed in anticipation of litigation." (emphasis added). By its own terms, the rule envisions the existence of experts whose opinions were not acquired or developed in anticipation of litigation.

Because defendant Hertz's interrogatory twenty-one sought the identity of all experts plaintiffs expected to call as witnesses at the

time of trial, whether retained in anticipation of litigation or not, plaintiffs were absolutely bound to identify the treating physicians as such and to reveal the other information sought by the interrogatory. *Lee,* 112 F.R.D. at 109. *See also* LR 225–1(c), NDGa (expert witnesses intended to be used at trial must be identified during the discovery period; otherwise, a party may not offer the testimony of that expert absent an Order by the Court).

■ Plaintiffs' argument that disclosure of the treating physicians, in answer to defendant Hertz's interrogatories eight and nine,[4] excused plaintiffs' failure to disclose these individuals as expert witnesses in response to interrogatory twenty-one is likewise without merit. Plaintiffs' argue that once they identified Patsy Jean Chakales' treating physicians, defendant Hertz was obliged to depose all of them because defendant was on notice that plaintiff might later decide to call some or all of them as expert witnesses, even though plaintiffs answered interrogatory twenty one by stating that no expert testimony would be elicited at trial. However:

> [d]efense counsel had no reason to prepare to cross examine these particular witnesses until he had reason to believe they would be called as trial witnesses. He attempted to inform himself on that subject and was prevented from doing so by plaintiffs' failure to fully respond to his discovery requests. It is no answer to say that defense counsel could have deposed the witnesses himself.... It is for defense counsel, and not plaintiffs, to choose the methods of discovery which he will employ, so long as the choice is not foreclosed by the Rules.

*Lee,* 112 F.R.D. at 110. Thus, the Court finds that plaintiffs' identification of the treating physicians in response to interrogatories eight and nine had no impact on their duty to disclose those treating physicians

plaintiffs expected to call at trial in response to interrogatory twenty one.

### REMEDY

■ Plaintiffs have argued that the Court's refusal to allow expert testimony by plaintiff Patsy Jean Chakales' treating physicians is an unduly harsh sanction for any violation of Rule 26 that may have occurred, due to the critical nature of such testimony. Plaintiffs have further argued that any violation of the discovery rules resulted from a good faith interpretation of the rules and, as such, warrants no sanction for such violation. Upon review of plaintiffs' motion for reconsideration, the Court determines that, on the facts of this case, the exclusion of any expert testimony by the treating physicians is an overly harsh sanction for plaintiffs violation of the discovery rules. The Court does not, however, find such violation to have been in "good faith" and, thus, concludes that plaintiffs are deserving of some sanction for a flagrant attempt to utilize expert testimony without providing defendant Hertz the opportunity to present expert testimony in rebuttal.[5] FED.R.CIV.P. 26(g), 11. This Court will not condone such abusive tactics and the resulting delay in a case that has been pending for over two years and for which a trial date has now come and gone.

Based on the foregoing, the Court concludes that plaintiffs will be allowed to admit the expert testimony of plaintiffs' witnesses Dennis Gutzman, Raymond Harle and G. Durairaj. The Court further concludes that as a sanction for plaintiffs' violation of the discovery rules, plaintiffs shall pay all of defendant Hertz's reasonable expenses for deposing these witnesses, as well as reasonable expenses incurred in litigating this motion for reconsideration. In addition, plaintiffs have five (5) days from the date of this order to properly respond to interrogatory twenty-one and defendant Hertz has thirty (30) days

---

4. Defendant Hertz's interrogatories eight and nine asked for the identity of plaintiff Patsy Jean Chakales' treating physicians and the physician who performed her hip replacement surgery, respectively.

5. The Court notes that despite the weakness of their position, plaintiffs seek not only permission

to use their newly disclosed expert witnesses, but also seek to prevent defendant from using any expert testimony to counter plaintiffs' witnesses. Obviously, defendant will be allowed to present expert medical testimony if plaintiffs are permitted to do so.

from the date of this order to identify any medical expert witnesses it intends to call at trial.[6] The discovery period will be reopened for a period of sixty (60) days from the date of this order for the limited purpose of deposing the plaintiffs' three expert witnesses, as well as any experts identified by defendant Hertz. This Court will not, however, entertain any further extension of discovery beyond that date.

## CONCLUSION

For the foregoing reasons, plaintiffs' Motion for Reconsideration and/or Other Relief [50–1] is **GRANTED.** It is further ordered that plaintiffs pay all reasonable costs of defendant Hertz incurred in deposing plaintiffs' expert witnesses Dennis Gutzman, Raymond Harle and G. Durairaj, as well as all reasonable costs incurred by defendant Hertz in defending this Motion for Reconsideration. Plaintiffs are further ordered to properly answer defendant Hertz's interrogatory twenty-one within five (5) days of this Order. Defendants have thirty (30) days from the date of this Order to identify any medical experts it intends to call as witnesses to refute any aspect of plaintiffs' theory of the case. Discovery is reopened for a period of sixty (60) days for the limited purpose of deposing the expert witnesses identified in response to this Order.

SO ORDERED.

---

6. In its earlier order, this Court denied defendant's request to introduce the expert testimony of David Brown based on defendant's untimely designation of Mr. Brown. Because the Court has now permitted plaintiffs to use expert testimony of witnesses not timely designated as experts, it will likewise permit defendant to call Mr. Brown. The Court directs the parties to conduct any deposition of Mr. Brown sufficiently early in the reopened discovery period to permit plaintiffs adequate time to designate and to depose any rebuttal expert.