IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 95-60788

Summary Calendar

———————————

WILLIE DIXON,

Plaintiff-Appellant,

versus

MALONE & HYDE, INC.,

Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Northern District of Mississippi
(1:94CV168-JAD)

———————————

May 17, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    After a jury trial, the U.S. District Court entered a judgment in favor of plaintiff, Willie Dixon, in the amount of $158.42. Dixon now appeals the district court's denial of his pre-trial motion to designate an expert witness out-of-time. In addition, Dixon appeals the district court's denial of his motion for a new trial on damages. Finding no error, we affirm.

———————————

    [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

I.

The district court set December 1, 1994 as the deadline for Dixon to designate his expert witnesses. On January 26, 1995, Dixon moved for enlargement of time to permit him to designate Dr. John McFadden as an expert witness. The district court denied Dixon's motion, noting that Dixon had not given any reason for his failure to designate Dr. McFadden within the time allotted.

Dr. McFadden's identity and the necessity for his testimony has been known to Dixon since the beginning of this lawsuit. See Lee v. Knutson, 112 F.R.D. 105, 106 (N.D. Miss. 1986). Despite that fact, Dixon did not explain his failure to comply with the discovery deadline. Id. at 106-07. Under those circumstances, that Malone & Hyde, Inc. would have allegedly suffered no prejudice as a result does not persuade us that the district court abused its discretion.

II.

Dixon also appeals the district court's denial of a new trial on damages. Dixon suffered a cut to his nose when a large door broke loose and hit him on the head. The hospital charged $158.42 to stitch the cut and provide a precautionary tetanus shot. Months after the accident, Dixon visited Dr. McDonald, complaining of headaches and neck pain. Dr. McDonald examined Dixon and found no serious condition requiring additional tests or treatment. Moreover, Dr. McDonald testified that the accident had not caused those conditions. A year after the accident, Dixon went to Dr.

2

McFadden, who treated Dixon for his neck pain.  Dixon incurred over $5,000 in medical expenses for treatment related to his neck pain and headaches.  He claims on appeal that the jury's award, which failed to compensate him for these additional medical expenses, was grossly inadequate.

We will not disturb the jury's award of damages "unless an award is so 'inadequate as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial.'"  Taylor v. Green, 868 F.2d 162, 164 (5th Cir. 1989) (quoting Garrick v. City and County of Denver, 652 F.2d 969, 972 (10th Cir. 1981)) (internal quotation marks omitted).  Based on Dr. McDonald's testimony, the jury could reasonably find that Dixon's headaches and neck pain were not caused by Malone & Hyde, Inc.  Regarding Dixon's injury to his nose, the record supports the jury's award of only $158 in damages.  Consequently, the district court did not abuse its discretion in denying Dixon's motion for a new trial on damages.  See id. (affirming denial of new trial where "the jury's failure to award compensatory damages does not lack 'factual support in the record'").

AFFIRMED.