Agnes, A.J.
BACKGROUND
This is a medical malpractice case in which the plaintiff, David W. Burgess, alleges that he suffered an ear injuiy on July 26, 1996, and then suffered further permanent injury as a result of the defendants’ negligence in failing to properly treat him at the Lowell Walk-In Medical Center following his accident. In answers to interrogatories filed by the defendants, the plaintiffs have identified Dr. Bjorn Bie, a physician who treated Mr. Burgess following his allegedly negligent treatment by the defendants, as an expert witness who will testify about the nature of the injuries suffered by the plaintiff and the present and likely future impact these injuries will have on the plaintiffs life. The plaintiffs also have supplied the defendants with an affidavit by Dr. Bie which they maintain sets forth the subject matter of his testimony, the substance of the facts and opinions on which he is expected to testify, and the basis for his opinion testimony. Plaintiffs Memorandum at 2.[1] See Mass.R.Civ.P. 26(b)(4)(A)(i).
The plaintiff seeks relief on grounds that Dr. Bie, as an expert witness, cannot be noticed for a deposition in the absence of prior judicial approval and subject to appropriate arrangements for the payment of the witness’ fees and expenses. See Mass.R.Civ.P. 26(b)(4)(A)(ii). The defendants, on the other hand, maintain that Dr. Bie, who the plaintiff saw on a number of occasions between July 1996 and 1998, not only diagnosed his condition, but rendered treatment and made referrals for second opinions to the plaintiff, and thus is a treating physician who is subject to deposition like any other “fact” witness. The defendants indicate that they wish to inquire of Dr. Bie because they have evidence that Dr. Bie began to treat the plaintiff within days of the allegedly negligent conduct by the defendants. The defendants indicate that they wish to ask Dr. Bie about the plaintiffs visits with him, about his diagnosis and treatment of the plaintiff “as well as any other opinions that he reached contemporaneously with his care and treatment of Mr. Burgess ... The defendants do not seek to ask Dr. Bie questions about opinions that he has formed in connection with this litigation in his role as a paid expert witness.” Opposition of Defendant Asher at 2. The other defendants take essentially the same position.
DISCUSSION
Under Mass.R.Civ.P. 26(a), a party may obtain discovery of relevant information by means of deposition “(u)nless the court orders otherwise, or unless otherwise provided in these rules.” One of the limitations on the use of a deposition is for the “(d)iscovery of facts known and opinions held by. experts . . . and acquired or developed in anticipation of litigation or for trial.” Mass.R.Civ.P. 26(b)(4) (emphasis added). In that case, the rules require the party seeking discovery to employ an expert interrogatory, but authorize the court, upon motion to “order further discovery by other means [presumably including by deposition] subject to such restrictions as to scope and such provisions . . . concerning fees and expenses as the court may deem appropriate.” Mass.R.Civ.P. 26(b)(4)(A)(i). Thus, unless the circumstances call for an exercise of judicial discretion to fashion a protective order of some sort, see Mass.R.Civ.P. 26(a), the Massachusetts Rules of Civil Procedure permit a defendant in a medical malpractice case to depose the plaintiffs treating physician about any facts or opinions he or she may have that are relevant to the case with the exception of facts and opinions “acquired or developed in anticipation of litigation or for trial.” See Mass.R.Civ.P. 26(b)(4). See Lauriat, McChesney, Gordon & Rainer, Discovery §2.9 at 95 (49 Mass. Prac. 2001).[2]
Based on the representation by the defendants that the plaintiffs did not file suit in this case until July 12, 1999, nearly three years after Mr. Burgess began to treat with Dr. Bie, there is no reason to presume that all of his knowledge of the plaintiff and all of his opinions about the plaintiffs injury, treatment and prognosis were acquired or developed in anticipation of litigation. “[A]n important consideration is whether in the circumstances it is fair for one party to acquire the expert opinion of one who has already been engaged by his adversary.” Ramacorti v. Boston Redevelopment Authority, 341 Mass. 377, 379 (1960). When a party retains an expert to render services to that party rather than primarily to assist with litigation, and the expert thereby acquires or develops knowledge and/or opinions about issues that are relevant to subsequent litigation, there is no unfairness in requiring such an expert to submit to a deposition in the same manner as any other fact witness.[3] The critical inquiry, therefore, is whether the witness’ knowledge and opinions about the case were acquired or developed in anticipation of litigation, not whether the witness happens to be an expert, nor whether the discovery seeks only facts as opposed to opinions.[4] Thus, as plaintiffs point out in their memorandum, inquiry of Dr. Bie by the defendants at a deposition about his diagnosis and his treatment of the plaintiff may call for Dr. Bie to express an expert opinion.[5] Plaintiffs’ Memorandum of Law at 3. However, Mass.R.Civ.P. 26 does not, for this reason alone, restrict the defendants from taking the deposition of Dr. Bie. Accord Chakales v. Hertz Corp., 152 *312 F.R.D. 240 (N.D.Ga. 1993); Lee v. Knutson, 112 F.R.D. 105 (N.D.Miss. 1986); Quarantillo v. Consolidated Rail Corp., 106 F.R.D. 435 (N.D.Ill.E.D. 1985); Nelco Corp. v. Slater Elec. Inc., 80 F.R.D. 411 (E.D.N.Y. 1978). Therefore, it is not appropriate to quash the subpoena.
In the alternative, the plaintiffs ask this court to issue a protective order and “limit the scope of the deposition and the scope of the subpoena duces tecum and require the Defendants to pay Dr. Bie for his time as an expert witness.” Plaintiffs’ Memorandum of Law at 3. In particular, the plaintiffs ask that any inquiry of Dr. Bie by defendants at a deposition should be limited to questions about the medical history he took of the plaintiff, his observations of the plaintiff, any complaints made by the plaintiff, and the treatment he rendered. Plaintiffs argue further that the defendants should not be permitted to inquire of Dr. Bie about his diagnosis of the plaintiff, the reasons for the course of treatment he ordered, and his prognosis because such questions call for Dr. Bie to render an expert opinion. Id. at 4. As noted above, the rules permit a treating physician to be deposed about his knowledge and opinions about the case that were not acquired or developed in anticipation of litigation. Furthermore, as noted above, the defendants concede that they “do not seek to ask Dr. Bie questions about opinions that he has formed in connection with this litigation in his role as a paid expert witness.” Based on the information before the court, it is not possible to fashion an appropriate protective order that enforces that limitation. The parties in this case are in the best position to know where the boundary line lies between knowledge and related opinion acquired by Dr. Bie in his capacity as a treating physician and opinions formed by Dr. Bie in his capacity as an expert witness engaged by plaintiffs in anticipation of litigation. Therefore, the parties are encouraged to enter into a stipulation to govern the scope of the inquiry. If that is not possible, either party may apply to the court for a protective order based on a more detailed showing of what opinions Dr. Bie has been engaged by plaintiffs to render as an expert witness at trial.
The final question relates to whether Dr. Bie, as Mr. Burgess’ treating physician, is entitled to compensation beyond the statutory fee for attending and giving testimony at a deposition. Because Dr. Bie is subject to a deposition like any other witness under Mass.R.Civ.P. 26(a) and 30, I deny plaintiffs’ motion for payment of expert witness fees beyond what is required by statute. While I agree with the parties that Dr. Bie may be considered an expert as to some matters in this action for which the plaintiffs may have specially retained him and paid accordingly, that does not change his status so as to entitle him to an expert fee. Both parties appear to be aware of the unfairness of a defendant obtaining expert opinion testimony from a witness, paid by a plaintiff to develop it, without having to pay for that opinion. This is one of the reasons why I encourage the parties here to come to some agreement prior to examining Dr. Bie. Such an agreement could include permitting the defendants to inquire of Dr. Bie about opinions he formed as an expert witness retained by the plaintiffs in anticipation of litigation provided that the defendants pay him accordingly. Should a disagreement arise during the examination, the correct procedure is to suspend the deposition and seek a protective order at that time. See Long v. Roy, 10 Mass. L. Rptr. 140, 1999 WL 355801 (Mass. Super. 1999) (Gants, J.).
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs David W. Burgess and Andrea Burgess’ motion to quash subpoena and notice of taking deposition and, in the alternative, for a protective order and for expert fees is DENIED.

 The affidavit itself was not submitted with the parties’ filings on this motion.

 This view is consistent with Massachusetts practice which recognizes that an expert witness who has personal knowledge of the fact issues in a case may be compelled to give testimony by either party. See Commonwealth v. Vitello, 367 Mass. 224, 235 (1975). The appellate courts also recognize that there is “discretionary power in the court to require, without payment of expert fees, that an expert witness testify as to an opinion already formed . . . when necessary for the purposes of justice.” Bagley v. Illyrian Gardens, Inc., 401 Mass. 822, 827 (1988) (quotations omitted).

 While Mass.R.Civ.P. 26 does not address this question with the precision it addresses the distinction between so-called testifying experts and educating experts, see James W. Smith & Hiller B. Zobel, Rules Practice §26.6 (1975), the result I reach is nonetheless an outcome that is contemplated by the rule. See id. at 214-15 n. 53 (“Whether and to what extent one’s ‘own’ physician’s opinions are discoverable depends on his status with respect to the litigation, determined by the principles of Mass.R.Civ.P. 26(b)(4)”).
The result reached is also consistent with federal decisions addressing the scope of discovery of expert opinions under Fed.R.Civ.P. 26(b)(4), as amended in 1970, a rule at that time that was substantially the same as the Massachusetts rule presented here. See Quarantillo v. Consolidated Rail Corp., 106 F.R.D. 435 (N.D.Ill.E.D. 1985), quoting Nelco Corp. v. Slater Elec. Inc., 80 F.R.D. 411, 414 (E.D.N.Y. 1978) (“[T]he mere designation by a party of a trial witness as an ‘expert’ does not thereby transmute the experience that the expert witness acquired as an actor into experience that he acquired in anticipation of litigation or for trial”). In Quarantillo, an action under the Federal Employers Liability Act, the court held that the plaintiff was not entitled to a protective order under Fed.R.Civ.P. 26(c) that would either preclude the defendant from deposing his treating neurologist or would place limits on the scope of the examination pursuant to Fed.R.Civ.P. 26(b)(4)(A). In that case, as here, the plaintiff failed to demonstrate that the treating physician “should be deemed an ‘expert’ rather than a ‘viewer’ or an ‘actor’ with respect to facts obtained and opinions formed during treatments . . . subsequent to the . . . alleged injury.” Quarantillo, supra at 437. See also Advisory Committee Notes to Fed.R.Civ.P. 26(b)(4) (1970) (“It should be noted that the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness”).

 This view does not conflict with Mass.R.Civ.P. 30A(m), which was added in 1989 and which deals with audio-visual depositions of “treating physicians and expert witnesses for use at trial.” Rule 30A(m) authorizes a party who intends to call its own treating physician or expert witness at trial to take the witness’ oral deposition for use at trial in lieu of oral testimony. The Reporter’s Notes suggest that the purpose of the 1989 amendment was to avoid the need for a continuance on the day of trial due to the unavailability of these witnesses. Both Rule 30A(m)(l) and the 1989 Reporter’s Notes state that it has no application to “another party’s treating physician or expert, discovery from whom is subject to the provisions of Rule 26(b)(4)(A) or 26(b)(4)(B).” The fact that Rule 30A(m)(l) also contains separate definitions of “treating physician” and “expert witness” was not intended to suggest that a witness must be assigned to one category or the other for purposes of applying the rules relating to discovery. Indeed, the 1989 Reporter’s Notes to Rule 3 OA acknowledge that a witness may be both a treating physician and an expert, and suggest that the definitions were simply designed to avoid artificial limits being placed on the scope of Rule 30A(m).

 For this reason, in medical malpractice cases plaintiffs are not relieved of the obligation to identify such treating physicians as expert witnesses in reply to an interrogatory submitted by a defendant pursuant to Mass.R.Civ.P. 26(b)(4)(A)(i). See Lee v. Knutson, 112 F.R.D. 105 (N.D.Miss.1986). The Knutson court ruled that Rule 26(b)(4) does not protect plaintiffs in a medical malpractice action from disclosing the identity of six medical witnesses they intend to call at trial who obtained their knowledge solely through providing professional services to one of the plaintiffs. Id. at 108 n.l, 109. I merely rule that to the extent that Dr. Brie was not retained to form any opinions in anticipation of litigation or for trial, the Burgesses are not entitled to the special protections under Mass.R.Civ.P. 26(b)(4). See Chakales v. Hertz Corp., 152 F.R.D. 240, 242 (N.D.Ga. 1993).