In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.

Anna LILLEY, Plaintiff,

v.

DOW CHEMICAL COMPANY, et al., Defendants.

Gerald HOGAN, Plaintiff,

v.

DOW CHEMICAL COMPANY, et al., Defendants.

MDL No. 381.
Nos. CV–80–2284, CV–81–0991.

United States District Court,
E.D. New York.

April 17, 1985.

Stephen J. Schlegel, Schlegel & Trafelet, Ltd., Chicago, Ill., Thomas Henderson, Henderson & Goldberg, Pittsburgh, Pa., Phillip E. Brown, Hoberg, Finger, Brown, Cox & Molligan, San Francisco, Cal., Stanley Chesley, Waite, Schneider, Bayless & Chesley, Cincinnati, Ohio, John Q. O'Quinn, O'Quinn & Hagans, Houston, Tex., Neil R. Peterson and Gene Locks, Greitzer & Locks, Philadelphia, Pa., Newton B. Schwartz, Houston, Tex., Irving Like, Reilly, Like and Schneider, Babylon, N.Y., David J. Dean, Dean, Falanga & Rose, Carle Place, N.Y., Aaron Twerski, Hempstead, N.Y., of counsel, Robert Taylor, Jr., Ashcraft & Gerel, Washington, D.C., for plaintiffs.

Leonard Rivkin, Rivkin, Leff, Sherman & Radler, Garden City, N.Y., Philip Pakula, Townley & Updike, Wendell B. Alcorn, Jr., Cadwalader, Wickersham & Taft, William Krohley, Kelley, Drye & Warren, Thomas Beck, Arthur, Dry & Kalish, Richard Goldstein, Shea & Gould, New York City, of counsel; David R. Gross, Budd, Larner, Kent, Gross, Picillo & Rosenbaum, New York City, Paul V. Esposito, Lewis, Overbeck & Furman, Chicago, Ill., Henry G. Miller, Clark, Gagliardi & Miller, White Plains, N.Y., for defendants.

Arvin Maskin, Dept. of Justice, Washington, D.C., for Third-Party Defendant United States.

## MEMORANDUM and ORDER

WEINSTEIN, Chief Judge:

Defendant chemical companies have appealed from the Magistrate's Order that defendants produce Drs. Emil J. Bardana, Rolf Hartung and James S. Taylor for deposition by plaintiffs in the *Lilley* and *Hogan* cases, part of the complex "*Agent Orange*" multidistrict litigation. *Lilley v. Dow Chemical Co.*, CV–80–2284 (E.D.N.Y.); *Hogan v. Dow Chemical Co.*, CV–81–0991 (E.D.N.Y.). For the reasons indicated below, the Magistrate's Order is affirmed as modified; discovery is conditioned on plaintiffs' payment of reasonable experts' fees and expenses incurred in discovery.

The three doctors previously examined two of the class representatives in the class action certified in *Ryan v. Dow Chemical Co.*, 79–C–747 (E.D.N.Y.). That action has been settled. *See In re "Agent Orange" Product Liability Litigation*, M.D.L. No. 381, slip op. (E.D.N.Y. Jan. 7, 1985); 597 F.Supp. 740 (E.D.N.Y.1984). The experts

have not examined the plaintiffs in either *Lilley* or *Hogan* or in any of the many other individual opt-out and civilian actions still pending before the court in the M.D.L. proceedings. Nor have any of the three physicians been consulted by the defendants in connection with any of the pending individual suits.

Rule 26(b)(4)(A) of the Federal Rules of Civil Procedure governs discovery of an expert who will testify at trial. Rule 26(b)(4)(B) covers an expert "retained or specially employed" by a party "in anticipation of litigation or preparation for trial" but who is not expected to testify at trial. Rule 26(b)(4)(C) provides for assessment of fees and expenses incurred in discovery under Rule 26(b)(4)(A) and (B). Rules 30 and 45 govern discovery by deposition that falls outside the scope of Rule 26(b)(4).

None of the doctors has been involved in pretrial preparation in the *Lilley* and *Hogan* cases. It does not necessarily follow, however, that Rule 26(b)(4) does not control discovery of these experts. These three experts were retained by defendants "in anticipation of litigation or [preparation] for trial" in *Ryan,* a companion case in this multidistrict litigation that raised nearly identical legal and factual issues. *See In re "Agent Orange" Product Liability Litigation,* 597 F.Supp. 740 (E.D.N.Y.1984). The defendants in the *Lilley* and *Hogan* actions are also defendants in the *Ryan* class action; the plaintiff in *Lilley* is a *Ryan* class member who opted out of the class.

One "purpose of the M.D.L. process is to assemble data through discovery that can be used in any related litigation without the need for duplicative efforts." *Id.,* 597 F.Supp. at 770. The *Lilley* and *Hogan* plaintiffs learned of the identity of these experts and their role in defendants' trial preparation through the M.D.L. discovery mechanism. None of the three experts was previously deposed.

■ Given the legal and factual similarities, the involvement of many of the same parties, and the procedural realities of the M.D.L. process, it is reasonable to interpret

Rule 26(b)(4) to reach experts retained by a party for trial preparation in a closely related case that is before the court as part of the same multidistrict litigation. *Cf. Hermsdorfer v. American Motors Corp.,* 96 F.R.D. 13, 15 (W.D.N.Y.1982) ("applying Rule 26(b)(4)(B) to expert information obtained for the purpose of preparing for *numerous* lawsuits, some perhaps already filed") (emphasis in original); *In re Sinking of Barge "Ranger I",* 92 F.R.D. 486, 489 (S.D.Tex.1981) ("The test to be applied is whether, in light of the nature of the [information] and factual situation in a particular case, the experts and their information can fairly be said to have been obtained or acquired because of the prospect of litigation."). *But cf. Grinnell Corp. v. Hackett,* 70 F.R.D. 326, 333 (D.R.I.1976) (Rule 26(b)(4) applies when "information sought was obtained for the very purpose of preparing for the litigation in question").

The defendants apparently have not yet decided whether they will call these three doctors at trial in either *Lilley v. Dow* or *Hogan v. Dow.* No trial date has been set and no pretrial order has been issued in either case. In light of serious summary judgment motions pending in both cases, it cannot even be said at this time that there will be a trial.

■ A party "is permitted to execute the trial strategy it deems appropriate to defend its case." *Mantolete v. Bolger,* 96 F.R.D. 179, 182 n. 2 (D.Ariz.1982). This discretion "extends to changing the status of an expert," *id.,* within the limits of good faith and the scheduling orders of the court. Because these experts at this time are not "expected to testify at trial," Rule 26(b)(4)(B) applies rather than Rule 26(b)(4)(A).

Rule 26(b)(4)(B) requires plaintiffs to make "a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." *Compare Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 299 (E.D. Pa.1980) *and Pearl Brewing Co. v. Joseph*

*Schlitz Brewing Co.,* 415 F.Supp. 1122, 1138–40 (S.D.Tex.1976) *with Marine Petroleum Co. v. Champlin Petroleum Co.,* 641 F.2d 984, 993–97 (D.C.Cir.1980).

■ As already observed, the *Ryan, Lilley,* and *Hogan* cases all are part of the same multidistrict litigation. A primary purpose of the M.D.L. process is to facilitate discovery and avoid wasted effort. Discovery of the experts retained in *Ryan* therefore should be permitted in companion cases like *Lilley* and *Hogan* when those plaintiffs would have to devote such enormous time and resources to duplicating the experts' efforts that obtaining the information by other means is "impracticable."

■ Dr. Bardana's deposition is sought for two reasons. First, plaintiffs seek to elicit his testimony on the existence of immunological effects of dioxin exposure in persons exposed at Seveso, Italy. This aspect of their request is denied to the extent that it falls within Rule 26(b)(4), *see infra,* because plaintiffs have not shown a practical inability to obtain facts and opinions on the subject by other means. Discussion of the Seveso experience is available in the literature. *See* Fed.R.Evid. 803(18) (material from scientific literature admissible as exception to hearsay rule).

■ Second, plaintiffs seek to question Dr. Bardana on his evaluation of a class representative who allegedly suffered from an immune system deficiency similar to a disease from which the plaintiff in *Hogan* allegedly suffers. Because this information is not readily available from any other source, discovery on this issue is permitted.

■ Dr. Hartung, a toxicologist, developed a detailed exposure profile for each class representative. Plaintiffs seek his opinion on the existence of causation for the class representatives' alleged medical problems. This information cannot be obtained readily through other means. Plaintiffs may depose this expert for this purpose.

■ Plaintiffs seek to depose Dr. Hartung on the issue of causation in general.

Disclosure is denied. Plaintiffs have not demonstrated a practical inability to obtain information on this issue by other means including the extensive literature on the subject.

■ Plaintiffs seek Dr. Taylor's testimony on the causal relationship between exposure and chloracne. Disclosure is denied. Plaintiffs have not shown a practical inability to obtain facts and opinions on this subject by other means. There is extensive literature on this subject.

■ Rule 26(b)(4) applies only to "[d]iscovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and *acquired or developed* in anticipation of litigation or preparation for trial * * *." (Emphasis supplied.) Some of the information sought by plaintiffs from Drs. Bardana, Hartung and Taylor and available pursuant to the Magistrate's order as now modified apparently consists of "facts known and opinions held by" them prior to their initial consultation or employment by defendants in the *"Agent Orange"* litigation. Discovery of such prior knowledge may be obtained under Rules 30 and 45 of the Federal Rules of Civil Procedure. *Norfin v. International Business Machines Corp.,* 74 F.R.D. 529, 532–34 (D.Colo.1977).

■ Because plaintiffs' discovery request is covered in large part by Rule 26(b)(4)(B), they are required by that Rule to pay reasonable fees and expenses. *See* Fed.R.Civ.P. 26(b)(4)(C); *Bosse v. Litton Unit Handling Systems,* 646 F.2d 689, 695 (1st Cir.1981); *Marine Petroleum Co. v. Champlin Petroleum Co.,* 641 F.2d 984, 989–90 (D.C.Cir.1980); *Cotton v. Consolidation Coal ·Co.,* 457 F.2d 641, 646–47 (6th Cir.1972); *Keith v. Van Dorn Plastic Machinery Co.,* 86 F.R.D. 458, 460 (E.D.Pa. 1980).

■ To the extent that plaintiffs' request for depositions falls outside Rule 26(b)(4) and is covered under Rule 30, the expert's entitlement to a reasonable expert's fee arises under common law precedent and the court's authority under Rule 1

of the Federal Rules of Civil Procedure. *Cf.* Fed.R.Civ.P. 26(c), 30(d), 45(b). The expert not only suffers a loss of time from his or her job, like an ordinary witness; he or she also suffers a loss in divulging dearly won expertise. An expert's knowledge is his or her stock in trade and the expert has a property right to that knowledge. If a litigant seeks to obtain facts or opinions acquired by the expert in furtherance of his or her expertise, as distinct from knowledge possessed by that person as an ordinary actor in or viewer of events pertinent to the case, then the litigant must pay the expert a reasonable expert's fee. *See, e.g., Wright v. Jeep Corp.*, 547 F.Supp. 871, 877 (E.D.Mich.1982); *United States v. Certain Parcels of Land*, 15 F.R.D. 224, 235 (S.D. Cal.1953); *Walsh v. Reynolds Metals Co.*, 15 F.R.D. 376, 378 (D.N.J.1954); *Lynette D. v. Carlton W.*, 112 Misc.2d 738, 447 N.Y.S.2d 365 (N.Y.Fam.Ct.1982); Graham, Discovery of Experts Under Rule 26(b)(4) of the Federal Rules of Civil Procedure: Part Two, An Empirical Study and a Proposal, 1977 Ill.L.Forum 169, 200; Maurer, Compelling the Expert Witness: Fairness and Utility Under the Federal Rules of Civil Procedure, 19 Ga.L.Rev. 71, 112–18 (1984); Meyer, Some Problems Concerning Expert Witnesses, 42 St. John's L.Rev. 317, 325 (1968). *Cf., e.g., CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494 (9th Cir.1983) (requiring tender of fee with subpoena under Fed.R.Civ.P. 45(c) but leaving issue of fee amount open); *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364 (9th Cir.) (litigant can be ordered to reimburse nonparty witness for costs of discovery under Fed.R.Civ.P. 26(c) and 45(b)), *cert. denied*, 457 U.S. 1118, 102 S.Ct. 2929, 73 L.Ed.2d 1329 (1982); *Kaufman v. Edelstein*, 539 F.2d 811, 817, 821 n. 15 (2d Cir.1976) (affirming court's power to compel expert witness's testimony on previously acquired facts and opinions but leaving compensation issue open). *See generally* Friedenthal, Discovery and Use of an Adverse Party's Expert Information, 14 Stan.L.Rev. 455, 479–81 (1962).

Rule 45(c) of the Federal Rules of Civil Procedure states that a litigant must tender to a witness subpoenaed for deposition "the fees for one day's attendance and the mileage allowed by law." By statute, the normal witness fee is $30 per day. 28 U.S.C. § 1821. Decisions on assessment of costs against a losing party under 28 U.S.C. § 1920 have refused to award a higher expert fee as costs. *See, e.g., Henkel v. Chicago, St. Paul, Minn. & Ohio Ry.*, 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386 (1932); *Jones v. Diamond*, 636 F.2d 1364, 1382 (5th Cir.) (stating general rule but applying exception), *cert. dismissed*, 453 U.S. 950, 102 S.Ct. 27, 69 L.Ed.2d 1033 (1981). Exceptions to the rule exist. *See, e.g., id.; J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 102 F.R.D. 73, 82–90 (E.D.La. 1984). Because taxing of costs is not involved here, decisions in that context are inapposite.

## CONCLUSION

If plaintiffs depose Dr. Taylor seeking knowledge not barred under Rule 26(b)(4), they must pay Dr. Taylor a reasonable fee in advance based on his normal rates as an expert.

Deposing of Drs. Bardana and Hartung is conditioned on plaintiffs' payment (1) in advance of a reasonable fee for expenses and deposition and travel time to each expert based on his normal expert witness rate, and (2) of a *pro rata* share of the expense reasonably incurred by the defendants in obtaining facts and opinions from each expert after they were retained by the defendants. The amount of the latter payment will be determined by the Magistrate upon application of the defendants after each expert has been deposed. Until then it will not be clear what proportion of the expert's newly acquired knowledge already paid for by the defendants is being sought and acquired by the plaintiffs. Defendants will pay their own attorney fees. *See* Fed.R.Civ.P. 26(b)(4)(B), (C) and advisory committee notes.

The Magistrate's Order is affirmed as modified.

The Clerk shall send copies of this Memorandum and Order to all parties and the Magistrate.

So ordered.