**Ralph A. QUARANTILLO, Plaintiff,**

v.

**CONSOLIDATED RAIL CORPORATION, Defendant.**

No. Civ–84–72E.

United States District Court, W.D. New York.

June 7, 1985.

Emil DiNardo, Buffalo, N.Y., for plaintiff.

Susan Roney, Buffalo, N.Y., for defendant.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

In this action under the Federal Employers Liability Act, 45 U.S.C. § 51 *et seq.*, plaintiff has moved for a protective order pursuant to Fed.R.Civ.P. rule 26(c) which either would preclude defendant from taking the deposition of a neurologist who has treated plaintiff for back injuries over the last fourteen years or would place limitations upon the scope of such examination. Plaintiff has asserted that this physician, Dr. Yu, will testify at trial as an expert witness for him and therefore that defendant is not entitled to discern facts known or opinions held by him except as provided in Fed.R.Civ.P. rule 35(b) (disclosure of report of examining physician) or rule 26(b)(4)(A) (limited written interrogatories and subsequent motion for court-approved further discovery). Plaintiff previously had provided defendant with authorizations permitting it to obtain all medical information and reports regarding him dating from the late

1960's and defendant apparently has obtained copies of Dr. Yu's pertinent records.

Defendant has contended that the doctor in question is primarily an "actor" or a "viewer" with respect to matters in dispute in this litigation due to his having treated plaintiff's back condition for many years prior to the May 27, 1983 injury which underlies this action. It is its position that it is entitled to depose the doctor as an ordinary non-party witness under Fed.R. Civ.P. rule 30 without any of the limitations sought by plaintiff.

■ Rule 26(b)(4) sets forth restrictions upon discovery of facts known and opinions held by experts that had been acquired or had been developed *in anticipation of litigation or for trial.* In view of Dr. Yu's treatment of plaintiff's back condition for approximately twelve years prior to the incident and injury in issue, it cannot reasonably be said that facts known or opinions developed by the doctor regarding such treatments had been acquired in anticipation of litigation. Accordingly, the rule does not preclude defendant from deposing Dr. Yu with respect to his examinations, findings, diagnoses and opinions regarding plaintiff's back condition prior to May 27, 1983. Although plaintiff further has argued that any questioning of Dr. Yu as a non-party witness by defense counsel concerning his opinions would be improper because witnesses ordinarily cannot offer their opinions at trial, such contention is without merit. The possible inadmissibility of such deposition testimony at trial is not a proper ground for objecting to such type of questioning where the information sought "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. rule 26(b)(1).

■ In addition, I do not find that plaintiff sufficiently has demonstrated that Dr. Yu should be deemed an "expert" rather than a "viewer" or an "actor" with respect to facts obtained and opinions formed during treatments of him subsequent to the May 27, 1983 alleged injury. "[T]he mere designation by a party of a trial witness as an 'expert' does not thereby transmute the experience that the expert witness acquired as an actor into experience that he acquired in anticipation of litigation for trial." *Nelco Corp. v. Slater Elec. Inc.,* 80 F.R.D. 411, 414 (E.D.N.Y.1978).

The reports of Dr. Yu dated September 12, 1983, November 7, 1983, February 7, 1984, April 10, 1984 and June 26, 1984, annexed to plaintiff's attorney's affidavit of May 29, 1985 are addressed to Dr. Marino and contain findings as well as suggestions and recommendations for the course of treatment to be given to plaintiff. Counsel for plaintiff's contention that as of September 1, 1983 Dr. Yu had been retained by plaintiff exclusively in anticipation of litigation is rebutted by the contents of these reports which indicate that Dr. Yu had a continuing role in the actual treatment of plaintiff, as well as by the fact that in every case the original or a copy of such report had been sent by the doctor to defendant. Furthermore, although it is recognized that a witness may be considered an expert as to some matters and an actor as to other information—*see Nelco Corp. v. Slater Elec. Inc., supra,* at 414—, this Court could and would permit defendant, upon its motion, to depose Dr. Yu under Fed.R.Civ.P. rule 26(b)(4)(A)(ii) even if he was found to be an expert as to the later treatments and examinations.

■ Finally, this Court has considered plaintiff's contentions that the sought deposition is unnecessary, oppressive and an undue burden upon Dr. Yu. However, these assertions have been rejected by this Court upon evaluation of the arguments and submissions by both parties, especially in light of defendant's offer to depose the doctor at his office and to pay him a reasonable fee for the time he spends during the deposition.

For these reasons it is hereby ORDERED that plaintiff's motion for a protective order prohibiting or placing limitations upon the scope of defendant's taking the deposition of his treating physician, Dr. Yu, is denied.