Coise Y. JOHNSON, as Personal Representative of Isaac G. Johnson, Deceased, Petitioner,

v.

DISTRICT COURT OF OKLAHOMA COUNTY, State of Oklahoma, Respondent.

No. 68588.

Supreme Court of Oklahoma.

June 2, 1987.

Rex K. Travis, Oklahoma City, for petitioner.

Short, Barnes, Wiggins, Margo & Adler by Robert E. Margo and Randall L. Sewell, Oklahoma City, for respondent real parties in interest.

LAVENDER, Justice:

Petitioner, Coise Y. Johnson, brought a medical malpractice action against respondents, real parties in interest, Michael Seikel, M.D. and Fenton M. Sanger, M.D., alleging that the malpractice of these defendants had caused the death of petitioner's son. The defendant physicians presented a motion to respondent district court requesting a finding that the physician/patient privilege concerning any communication made to any health care provider or physician concerning the matter in controversy had been waived pursuant to 76 O.S.Supp.

1985 § 19(B).[1] This motion also sought authority to conduct discovery by ex parte communications with petitioner's physicians. The trial court entered an order finding the privilege waived and required discovery by ex parte communication. Petitioner concedes the waiver of the physician/patient evidentiary privilege under the auspices of section 19(B), but argues that neither that section nor any other provision authorizes discovery by ex parte communication as ordered by respondent district court. Petitioner seeks assumption of original jurisdiction and relief by writ of prohibition from the alleged excess of the district court's exercise of discretionary authority.

Assumption of original jurisdiction and relief by writ of prohibition is appropriate to prevent the excessive exercise of discretion by a trial court in ordering pretrial discovery.[2]

We agree with the position urged by petitioner that the order for discovery by ex parte communication was beyond the discretionary powers of the trial court. Title 12 O.S.Supp.1982 § 3201 provides:

Sections 1 through 15 of this act shall be known and may be cited as the Oklahoma Discovery Code. The Discovery Code shall govern the procedure for discovery in *all suits of a civil nature in all courts in this state.* (emphasis added)

Section 3202, provides:

The Discovery Code shall be liberally constructed to provide the just, speedy and inexpensive determination *of every action.* (emphasis added)

Section 3203(A); provides:

DISCOVERY METHODS. Parties may obtain discovery by one or more of

1. This section provides, in pertinent part:

In cases involving a claim for personal injury or death against any practitioner of the healing arts or a licensed hospital, arising out of patient care, where any person has placed his physical or mental condition in issue by the commencement of any action, proceeding or suit for damages, or where any person has placed in issue the physical or mental condition of any other person or deceased person by or through whom such person rightfully claims, he shall be deemed to waive any privilege granted by law concerning any communication made to a physician or health care provider with reference to any physical or mental condition or any knowledge obtained by such physician or health care provider by personal examination of any such patient; provided that, before any such communication, medical or hospital record or testimony is admitted in evidence in any proceeding it must be material and relevant to an issue therein, according to existing rules of evidence.

2. *Cox v. Theus,* 569 P.2d 447 (Okla.1977).

the following methods: Depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property, for inspection and other purposes; physical and mental examinations; and requests for admission. Unless the court orders otherwise under this section, the frequency of use of these methods is not limited.

The Oklahoma Discovery Code does not authorize ex parte communications as a proper form of discovery.

Respondent physicians argue that 76 O.S.Supp.1985 § 19(B), is a special law which applies specifically to medical malpractice actions and governs the scope of discovery which may be exercised in such actions. We agree with that assertion. Title 76 O.S.Supp.1985 § 19(B) does provide for a complete waiver of the patient/physician privilege in a medical malpractice action as opposed to the qualification of the evidentiary privilege under 12 O.S.1981 § 2503(D)(3), in other cases where a physical, mental or emotional condition of a patient is raised as an element of a claim or a defense. The scope of discovery under section 19(B) includes any material relevant to any issue in the malpractice action. The scope of discovery under section 2503(D)(3) is limited to the issue of the condition raised as an element of the claim or defense.

■ The issue before us, however, is not the scope of discovery authorized by section 19(B) but rather the methods by which discovery may be carried on. Respondent physicians have argued that section 19(B), being a special statute containing no limitation on discovery methods, authorizes ex parte communication as a legitimate discovery tool. Such a finding, however, would clearly conflict with the expressed legislative intent that the Oklahoma Discovery Code shall govern discovery procedure in *all* suits of a civil nature. It would also result in a construction of section 19(B) which would be contrary to the rule

that a construction harmonizing apparent conflicts is preferable where such construction is possible.[3] Here we have an express declaration in 12 O.S.Supp.1982 § 3201 of the applicability of expressly enumerated methods of discovery to all suits of a civil nature. In 76 O.S.Supp.1985 § 19(B), we have a statute which authorizes the scope of discovery as to a privilege waived by operation of that law when a medical malpractice action is filed. The statute does not address the methods which may be employed to explore the information made available as a legitimate subject of discovery. There is no necessity to imply a conflict between section 3201 and section 19(B). The methods by which discovery may be exercised under section 19(B) are those authorized by 12 O.S.Supp.1982 § 3203(A).[4] Ex parte communications are not an authorized form of discovery method. The respondent district court's order compelling discovery by ex parte communication was in excess of its authority and writ of prohibition is issued to prevent the enforcement of that order.

ORIGINAL JURISDICTION ASSUMED; WRIT OF PROHIBITION ISSUED.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, SIMMS and WILSON, JJ., concur.

OPALA, J., with whom KAUGER, J. joins concurring.

SUMMERS, J., concurring specially: I write to note that I detect nothing in this opinion nor in the statute to forbid a party or his attorney from proceeding ex parte to inquire of a witness for the opposing party, nor of the witness for voluntarily providing the information sought if that is his wish.

OPALA, J., with whom KAUGER, Justice, joins, concurring.

Although I concur generally in today's pronouncement, I write separately *to add*

---

**3.** *AMF Tubescope Co. v. Hatchel,* 547 P.2d 374 (Okla.1976).

**4.** See *Eason Oil Co. v. Corp. Comm.,* 535 P.2d 283 (Okla.1975).

my own analytical basis for the construction to be placed on the provisions of 76 O.S.Supp.1985 § 19(B)[1] that are the subject of contention in this proceeding for a prerogative writ.

The provisions of 76 O.S.Supp.1985 § 19(B) *subject to testimonial compulsion "under existing rules of evidence"* a health care provider's "communications" with and "knowledge gained by examination" of *every* person for whose death or bodily injury a claim "arising from patient care" is brought against a practitioner of the healing arts or a licensed hospital. The cited section plainly mandates—for use in physician and hospital malpractice suits—*a broader exemption from the statutory physician/patient evidentiary privilege* than that which generally obtains under the waiver provisions of 12 O.S.1981 § 2503(D)(3)[2] in personal injury or death actions. Evidentiary materials declared in § 19(B) to be compellable for adduction are neither *explicitly* nor *implicitly freed from the law's structured process for orderly pretrial discovery.* Moreover, because the provisions of Art. 5, § 46, Okl. Const., operate to invalidate any "special" law regulating procedure in judicial inquiries, a different construction of § 19(B)

from that placed on it by today's opinion would likely put that section on a veritable collision course with the fundamental law's plain interdiction of legislative acts that would make general rules of practice "before the courts" subject to some narrow exception applicable to discovery only in a select subclass of torts.[3]

I hence concur in the court's refusal to single out medical and hospital malpractice suits for some *special* discovery rules that are not available in *other* death or personal injury litigation. The challenged "discovery" order condemned by today's pronouncement is *impermissibly overbroad* because it *compels unnamed health providers* to make *unbounded* ex parte disclosures without any court supervision.

---

**1.** The pertinent terms of 76 O.S.Supp.1985 § 19(B) provide:

"In cases involving a claim for personal injury or death against any practitioner of the healing arts or a licensed hospital, arising out of patient care, where any person has placed his physical or mental condition in issue by the commencement of any action, proceeding or suit for damages, or where any person has placed in issue the physical or mental condition of any other person or deceased person by or through whom such person rightfully claims, he shall be deemed to waive any privilege granted by law concerning any communication made to a physician or health care provider with reference to any physical or mental condition or any knowledge obtained by such physician or health care provider by personal examination of any such patient; provided that, before any such communication, medical or hospital record or testimony is admitted in evidence in any proceeding it must be material and relevant to an issue therein, *according to existing rules of evidence.*" [Emphasis mine.]

**2.** The terms of 12 O.S.1981 § 2503(D)(3) provide:

"The privilege under this Code as to a communication relevant to the physical, mental and emotional condition of the patient *in any proceeding in which the patient relies upon that condition as an element of his claim or defense* or, after the patient's death, in any proceeding *in which any party relies upon the condition as an element of his claim or defense, is qualified* to the extent that an adverse party in said proceeding may obtain relevant information regarding said condition by statutory discovery." [Emphasis mine.]

**3.** The pertinent terms of Art. 5, § 46, Okl. Const., provide:

"The Legislature shall not, except as otherwise provided in this Constitution, *pass any* local or *special law* authorizing:
\* \* \*
*Regulating the practice* or jurisdiction of, *or changing the rules of evidence* in judicial proceedings or inquiry before the courts. . . .
\* \* \*"
[Emphasis mine.]