**Paul B. McCULLY; Michael P. O'Brien; Waldo Cecil; the Corinne Corp., a Texas Corporation; David Downing; Farina Real Estate; Carlo Farina; William E. Garrison; Ronald Krause; Marion F. Moeller; Stillwater Construction, Inc., an Oklahoma Corporation; and J.C. Whittington, Appellants,**

v.

**The WIL–MC OIL CORP., an Oklahoma Corporation; and Harbert Energy Corporation, an Oklahoma Corporation, Appellees.**

No. 81992.

Court of Appeals of Oklahoma, Division No. 2.

May 10, 1994.

Certiorari Denied July 6, 1994.

James T. Stuart, Diamond, Stuart & Timmons, Shawnee, for appellants.

John D. Singleton, Linn & Helms, Oklahoma City, for appellees.

RAPP, Judge.

Trial court plaintiffs appeal the trial court's order requiring payment of defendants' incurred deposition costs.

Plaintiffs sued defendants for breach of duty, conversion of equipment, and an accounting. The matter was scheduled for trial on March 10, 1993. Plaintiffs before trial announced to the trial court they were dismissing the suit. The trial was stricken, and plaintiffs filed their written dismissal without prejudice on March 17, 1993. Defendants then filed their application for payment of fees and costs.[1] Defendants concurrently also filed an application for costs requesting deposition costs, citing both 12 O.S.1991 § 684 and 12 O.S.1991 § 942. Both applications were filed after plaintiffs' dismissal. The trial court awarded defendants deposition costs in the sum of $1,240. Plaintiffs appeal.

The record before us is scant.

Examination of the trial court order awarding the deposition costs reveals it addresses two matters:

(1) the attorney fees and costs resulting from the previous sanction order entered by the court on January 6, 1993; and

(2) the deposition costs incurred by defendants in defense of the suit.

The issues of attorney fees and costs of the sanction order are not appealed and are thus not here discussed.

We now turn to the trial court's cited authority, 12 O.S.1991 § 684 and 12 O.S.1991 § 942, to justify its award of deposition costs.

Defendants assert that section 942 authorizes trial court's taxing of deposition costs at statutory rates as part of the costs to plaintiffs. Reliance upon section 942 as authority to tax deposition costs AFTER plaintiffs' dismissal of the suit and before trial is mis-

---

1. Defendants had asked for and obtained, by order of January 6, 1993, restrictive sanctions effectively limiting plaintiffs' suit, together with reasonable attorney fees and costs to be determined later.

Neither the affidavit for attorney fees nor the affidavit in support of deposition costs is notarized.

placed. Section 942 was designed in part to replace both 12 O.S.1981 § 933 and 12 O.S. 1981 § 934. Sections 933 and 934 were both repealed effective September 1, 1991—the same day that section 942 became effective. Each of the repealed statutes dealt with the issue of costs. Section 933 was concerned with the requirement of the clerks of the district court to tax costs "in each case, and insert the same in their respective judgments, subject to retaxation * * *, on motion of any person interested," while section 934 dealt with costs of notice and legal publication. The first repealed statute, section 933, clearly refers to costs as part of the judgment which necessarily implies the existence of a prevailing party. The new statute, 12 O.S.1991 § 942, incorporates both repealed statutes in subsections 942(1) and (2).[2] Moreover, it is recognized that deposition costs may be taxed to the prevailing party under 12 O.S.1991 § 933. *See Owens v. Clark,* 177 Okla. 519, 61 P.2d 201 (1936); *Ford Motor Credit Co. v. Goings,* 527 P.2d 603 (Okla.Ct.App.1974).

Further examination of chapter 14, title 12, concerning costs shows that 12 O.S.1991 §§ 928 and 929 each require costs to the successful plaintiff or defendant "as a matter of course." Deposition costs are allowed to the prevailing defendant in *Shadid v. Monsour,* 746 P.2d 685 (Okla.Ct.App.1987), under the rubric of section 929. But again, these costs are also covered in 12 O.S.1991 § 942(6).[3]

■ Finally, it is noted that the statutes in question, sections 929 and 933, are contained in chapter 14 of title 12, which basically is concerned with the costs to be awarded a prevailing party. Thus, upon the placement of section 942 in chapter 14, it must be presumed the legislature intended section 942 to instruct the trial court on the costs required to be awarded the prevailing party upon conclusion of litigation by judgment. This is also evidenced by subsection 942(3), "witness fees," and subsection (5), "transcripts of the trial."

■ Having examined the above, we are now are in a position to review the applicability of 12 O.S.1991 § 942 to the matter at hand. There is no prevailing party for the reason plaintiffs announced their dismissal prior to trial, the scheduled trial was then stricken, and plaintiffs' proffered dismissal without prejudice was accepted by the court clerk and filed of record. Lacking a prevailing party, the trial court erred in reliance upon section 942 to assess deposition costs against plaintiffs.

■ We next review the trial court's second cited authority for its action, 12 O.S.1991 § 684. Review of the trial court order shows it does not state that (1) prior to plaintiffs' filing of their dismissal, there were costs due, or (2) plaintiffs have failed to pay any costs due, or (3) there were costs due after plaintiffs' filing of the dismissal. Further, defendants neither in the trial court nor here before this court assert there were costs due prior to plaintiffs' filing of their dismissal. Finally, neither defendants nor the trial court assert the court clerk erred in accepting and filing plaintiffs' dismissal, nor has the trial court declared the dismissal invalid for want of costs. Thus it can only be concluded that plaintiffs' dismissal meets the necessary criteria of section 684; namely, that "a plaintiff may, at any time before the trial is commenced, as payment of the cost and without an order of the court, dismiss his action,

---

**2.** Section 942 states:
> A judge of any court of this state may award *the following as costs:*
> 1. Any fees assessed by the court clerk or the clerk of the appellate court;
> 2. Reasonable expenses for the giving of notice, including expenses for service of summons and other judicial process and expenses for publication;
> 3. Statutory witness fees and reasonable expenses for service of subpoenas;
> 4. Costs of copying papers, limited to ten cents ($0.10) per page or the amount authorized by law to be charged for medical records, necessarily used at trial;

> 5. Transcripts of the trial or another proceeding that the court determines are necessary to resolve the case; and
> 6. Reasonable expenses for taking and transcribing deposition testimony, but not to exceed the fee per page authorized by Section 106.4 of Title 20 of the Oklahoma Statutes
> . . . .
> Unless provided otherwise by law, *no other items shall be allowed as costs.* Added by Laws 1991, c. 165, 1, eff. Sept. 1, 1991. (Emphasis added.)

**3.** See *supra* note 2.

but such dismissal shall not prejudice the right of the intervenor or defendant to proceed with the action...." The record here does not reflect the existence of an intervenor, nor do defendants or the court assert the existence of an action by defendants against plaintiffs other than their application here under consideration. Hence, plaintiffs' dismissal is, without question, then valid.

 The effect of a valid dismissal by plaintiffs under section 684 is to deprive the trial court of further jurisdiction over the suit or parties. *See GMAC v. Carpenter,* 576 P.2d 1166 (Okla.1978); *Shinn v. Morris,* 205 Okla. 289, 237 P.2d 455 (1951).

We find the trial court also erred in its reliance upon the statute, 12 O.S.1991 § 684, to award defendants deposition costs, as it lacked jurisdiction to do so on and after the filing of plaintiffs' dismissal.

For the reasons stated above, the decision of the trial court is reversed.

BOUDREAU, P.J., and REIF, J., concur.