1997 OK CIV APP 78

**Patsy McCOY, Plaintiff,**

**Cheryl McCartney, Plaintiff/Appellee,**

**Mark McCartney, Plaintiff,**

v.

**Ed. J. BLACK, D.C., Defendant/Appellant.**

**No. 88406.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 28, 1997.

As Corrected Oct. 30, 1997.

Marthanda J. Beckworth, Atkinson, Haskins, Nellis, Boudreaux, Holeman, Phipps & Brittingham, Tulsa, for Defendant/Appellant.

Bransford H. Shoemake, Shoemake Law Offices, Pawhuska, Plaintiff/Appellee.

JOPLIN, Judge:

¶1 Defendant/Appellant Ed J. Black, D.C. (Appellant) seeks review of the trial court's order granting the motion to compel payment of expert witness fees filed by Plaintiff/Appellee Cheryl McCartney (Appellee) after Appellant refused to pay expert witness fees to one of Appellee's expert witnesses for time spent in preparation for and taking of a deposition. In this proceeding, Appellant asserts the trial court erred in requiring Appellant to pay expert witness fees arguing that Appellee's witness, a therapist to whom Appellee's counsel had referred Appellee, was a "treating" therapist, not an "expert" employed to testify at trial as con-

templated by the Oklahoma Discovery Code, 12 O.S. Supp.1994 § 3226(B)(3)(a), so as to require Appellant's payment of expert witness fees "for time spent in responding to discovery" under § 3226(B)(3)(c). We find no error by the trial court as alleged, however, and affirm.

¶ 2 The record reveals that Plaintiff Patsy McCoy (Plaintiff) and Appellee (together with her husband) commenced separate actions against Appellant, a chiropractor, to recover damages arising from Appellant's alleged sexual misconduct committed during his treatments of both Plaintiff and Appellee, and that the trial court subsequently consolidated the cases. The record further reveals that during discovery, Appellee evinced her intent to call Ms. Tillman, a licensed clinical social worker, as a witness at trial to testify concerning "post traumatic stress disorder and other related psychological and behavioral problems of" Appellee.

¶ 3 Appellant subsequently deposed Ms. Tillman, after which Ms. Tillman submitted a bill to Appellant for about $365.00 representing her time expended in preparation for and the taking of her deposition. Appellant refused to pay Ms. Tillman's bill, asserting that Ms. Tillman was a "fact" witness entitled only to ordinary witness fees, not an "expert" witness entitled to expert witness fees.

¶ 4 Appellee then filed a motion to compel Appellant's payment of Ms. Tillman's stated fees as an expert witness for whose appearance at deposition § 3226(B)(3)(c)(2) mandated Appellant's payment of at least a portion of the witness's fees. Appellant responded, objecting to Appellee's motion to compel, and attached portions of Ms. Tillman's deposition testimony to show Ms. Tillman's status as a "treating" health care provider,[1] not an "expert" witness as contemplated by § 3226(B)(3). After an unrecorded hearing, and upon consideration of the parties' submitted materials, the trial court granted Appellee's motion to compel payment, directing Appellant to pay Ms. Tillman's entire claimed fee.[2]

---

**1.** Ms. Tillman testified at deposition, *inter alia,* (1) that Appellee's counsel had referred Appellee to Ms. Tillman, (2) that Ms. Tillman had conducted four one-hour sessions with Appellee over the course of five months discussing Appellee's emotional problems and etiology thereof, (3) that Ms. Tillman diagnosed Appellee as suffering from post-traumatic stress syndrome and female orgasmic disorder, (4) that in Ms. Tillman's opinion, Appellee's conditions bore a causal relationship to Appellant's alleged sexual misconduct, (5) that Ms. Tillman had recommended a course of therapy to Appellee, including couples counseling with Appellee's husband, but (6) that Appellee, to Ms. Tillman's knowledge, had no appointments for future treatment by Ms. Tillman in accord with her recommended course.

**2.** In her motion to compel, Appellee sought to force Appellant's payment "of the expenses of [Appellee's] expert" pursuant to 12 O.S. § 3226(B)(3)(c)(2), yet § 3226(B)(3)(c)(2) is by its own terms limited in application, and requires payment only of a "fair portion of the fees and expenses" incurred in the discovery of facts/opinions under § 3226(B)(3)(b), i.e., those held by an "expert ... retained or specially employed ... in anticipation of litigation or preparation for trial ... who is *not* expected to be called as a witness at trial." (Emphasis added.) Rather, it is § 3226(B)(3)(c)(1) that "require[s] ... the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under [§ 3226(B)(3)(a)(2)]," i.e., in the deposition of

"the expert witnesses, the other party *expects to call* as witnesses" *at trial. See also,* 12 O.S. § 3226(B)(3)(a)(1). Inasmuch as (1) neither Appellant nor Appellee dispute that Appellee in fact intends to call Ms. Tillman as a witness at trial; (2) the trial court directed Appellant to pay the entire fee claimed by Ms. Tillman; (3) Appellant's petition in error raises only issues concerning whether Ms. Tillman is an "expert" within the purview of § 3226(B)(3); (4) the parties have briefed the issue implicitly, if not expressly, treating Ms. Tillman as a witness to be called at trial; and (5) we have no record of hearing on Appellee's motion to compel, we treat Appellee's motion to compel as properly brought below under § 3226(B)(3)(c)(1), and this appeal tendering for our review propriety of the trial court's grant of relief under § 3226(B)(3)(c)(1) directing payment of expert witness fees for discovery under § 3226(B)(3)(a)(2) of facts/opinions held by Ms. Tillman as a expert witness to be called to testify at trial. *See, e.g., Shelley v. Kiwash Elec. Co-op., Inc.,* 1996 OK 44, ¶ 16, 914 P.2d 669, 674 ("Where a trial court reaches a correct result although based upon incorrect reasoning, its decision will not be reversed on appeal"); *Hamid v. Sew Original,* 1982 OK 46, 645 P.2d 496 ("Legal error may not be presumed in an appellate court from a silent record.... Absent a record showing otherwise, this court presumes that the trial court did not err," "that the judgment was responsive to the proof adduced," and "the trial court's judgment ... is ... correct un[less] the contrary has been shown by the record.")

¶5 Appellant now appeals,[3] again asserting that Ms. Tillman is not an "expert" whose "opinion" was "acquired or developed for trial" under § 3226(B)(3)(a), and for whose "time spent in responding to discovery," Appellant is not liable for payment of "expert" witness fees under § 3226(B)(3)(c)(1). Rather, says Appellant, Ms. Tillman is a "treating" health care provider of Appellee who obtained her facts and formed her opinion on cause and extent of Appellee's maladies as an "actor" or "viewer," and that therefore, Appellant is not liable for payment of anything other than ordinary "fact" witness fees.

¶6 Section § 3226(B)(3)(a) of Title 12, Oklahoma Statutes, permits "discovery of facts known and opinions held by experts . . . acquired or developed in anticipation of litigation or for trial." Where the expert is expected to be called as a witness at trial, § 3226(B)(3)(a)(2) permits the opposing party to depose such expert witness, and "unless manifest injustice would result[,] [t]he court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery." 12 O.S. § 3226(B)(3)(c)(1). We find no Oklahoma authority addressing the issue here presented, and thus turn to authorities construing the nearly identical federal counterpart to § 3226, Federal Rules of Civil Procedure, Rule 26, as instructive. *Hall v. Goodwin*, 1989 OK 88, 775 P.2d 291, 293 ("Because Oklahoma obtained its discovery code from the Federal Rules of Civil Procedure, we will examine the federal cases construing Rule 26" as instructive in construing parallel Oklahoma provision.) *Accord, Ellison v. Gray*, 1985 OK 35, 702 P.2d 360, 363 ("The Oklahoma Discovery Code, 12 O.S.1982 Supp. § 3203(B)(2) [now, 12 O.S.1991 § 3226(B)(2)] tracks Rule 26(b)(3) of the Federal Rules of Civil Procedure," and federal authorities construing Rule 26 deemed instructive.)

¶7 To the extent a party "specially employs" a physician or other expert for the express purpose of calling that expert witness to testify at trial and there give his/her opinion based on the expert's particular realm of authority and review of relevant materials, the authorities agree that such a person qualifies as an "expert" contemplated by Rule 26, subject to all the obligations and rights under that rule, including payment of expert witness fees "for time spent in responding to discovery." *See, e.g., Magee v. The Paul Revere Life Ins. Co.*, 172 F.R.D. 627 (E.D.N.Y.1997) (plaintiff required to pay reasonable fees and expenses of defendant's examining physician for attending deposition); *accord, In re "Agent Orange" Product Liability Litigation*, 105 F.R.D. 577 (E.D.N.Y.1985). *See also*, 8 Wright & Miller, *Federal Practice & Procedure, Civil 2d*, §§ 2029, 2034 (West, 1997); *Amendments to the Federal Rules of Civil Procedure and Forms*, 146 F.R.D. 401, 608 (1993), Advisory Committee Notes ("expert's fees for the deposition will ordinarily be borne by the party taking the deposition.") As Professors Wright and Miller observe:

> The basic proposition is relatively straightforward—a party that takes advantage of the opportunity afforded by Rule 26(b)(4)(A) to prepare a more forceful cross-examination should pay the expert's charges for submitting to this examination. Although the 1993 amendment to the rule does expand the obligation to reveal in advance what the expert will say at trial, it does not similarly expand the obligation of the retaining party to foot the bills resulting from this discovery foray.

8 Wright & Miller, § 2034.

¶8 Conversely, "to the extent that a treating physician testifies only to the care and treatment of the patient, the physician is not considered to be a 'specially employed' expert and is not subject to the . . . requirements of Rule 26(a)(2)(B), 'notwithstanding that the witness may offer opinion testimony under [the Federal Rules of Evidence].' (Citation omitted.)" *Salas v. U.S.*, 165 F.R.D. 31, 33 (W.D.N.Y.1995). As elsewhere reasoned:

> The issue as to whether a treating physician is an expert pursuant to Rule

---

3. This appeal appears properly brought as an appeal from an interlocutory order directing payment of money *pendente lite*, appealable by right under 12 O.S.Supp.1993 § 993(A)(5). *See also*, *Craft v. Chopra*, 1995 OK CIV APP 135, 907 P.2d 1109 (order granting money judgment as discovery sanction constitutes interlocutory order appealable by right).

26(b)(4)(C) continues to be a problem. Treating physicians are not retained for purposes of trial. Their testimony is based upon their personal knowledge of the treatment of the patient and not information acquired from outside sources for the purpose of giving an opinion in anticipation of trial. They are witnesses testifying to the facts of their examination, diagnosis and treatment of a patient. It does not mean that the treating physicians do not have an opinion as to the cause of an injury based upon their examination of the patient or to the degree of injury in the future. These opinions are a necessary part of the treatment of the patient. Such opinions do not make the treating physicians experts as defined by Rule 26(b)(4)(C).

*Baker v. Taco Bell Corp.*, 163 F.R.D. 348, 349 (D.Colo.1995). *Accord, Wreath v. U.S.*, 161 F.R.D. 448 (D.Kan.1995); *Mangla v. University of Rochester*, 168 F.R.D. 137 (W.D.N.Y. 1996). As the Advisory Committee earlier cautioned:

> It should be noted that [Rule 26(b)(4)] does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transaction or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness.

*Proposed Amendments to the Federal Rules of Civil Procedure Relating to Discovery*, 48 F.R.D. 487, 503 (1969); *accord, Nelco Corp. v. Slater Elec., Inc.*, 80 F.R.D. 411, 414 (E.D.N.Y.1978) (provisions of Rule 26(b)(4) not applicable to discovery requests directed at information acquired or developed by treating physician as an actor in the transaction at issue). *And see, Quarantillo v. Consolidated Rail Corp.*, 106 F.R.D. 435 (W.D.N.Y.1985) (neurologist treating plaintiff for back injuries over prior 14 years designated as expert witness for trial not considered an "expert" under Rule 26(b)(4) but rather an "actor" or "viewer"); *Keith v. Van Dorn Plastic Machinery Co.*, 86 F.R.D. 458, 460, (E.D.Pa.1980) ("actor or viewer" expert witness refers, e.g., to a doctor who performed an operation that gave rise to a mal-practice claim, viewed as fact witness not entitled to "expert" fee for time spent in responding to discovery), both cited in 8 Wright & Miller, § 2033, fn. 6.

¶ 9   However, under Rule 26(b)(4), "a witness sought to be discovered may be an 'expert' as to some matters and an 'actor' as to others." *Nelco Corp.*, 80 F.R.D. at 414; *Quarantillo*, 106 F.R.D. at 437. Thus, even a treating physician may come within the provisions of Rule 26(b)(4), and hence be entitled to expert witness fees, where the physician is asked to express an opinion on consideration of matters apart from facts derived from examination and treatment of a party. *In re "Agent Orange" Product Liability Litigation*, 105 F.R.D. at 582 ("If a litigant seeks to obtain facts or opinions acquired by the expert in furtherance of his or her expertise, as distinct from knowledge possessed by that person as an ordinary actor in or viewer of events pertinent to the case, then the litigant must pay the expert a reasonable expert's fee"); *Salas*, 165 F.R.D. at 33 ("[W]hen the doctor's opinion testimony extends beyond the facts disclosed during care and treatment of the patient and the doctor is specifically retained to develop opinion testimony, he or she is subject to the provisions of Rule 26.") *See also, Patel v. Gayes*, 984 F.2d 214, 217–18 (7th Cir.1993) (where plaintiff sought to elicit opinion of two treating physicians re: standard of care based partially on evidence outside their treatment of the Plaintiff, treating physicians considered experts under Rule 26, and trial court properly excluded that opinion testimony for Plaintiff's failure to identify those physicians as "experts" as required by Rule 26).

¶ 10   From these cases, we distill three guides for application of Rule 26(b). First, where a party seeks discovery of facts and opinions of a physician specifically retained to testify at trial and express an opinion based *both* on facts gleaned from examination of a party *and* consideration of matters within the physician's realm of expertise, that specially retained physician is considered an "expert" for purposes of Rule 26(b). Second, where a party seeks discovery of facts and opinions of a physician who, *prior to anticipated or commenced litiga-*

tion, has *treated* a party whose condition is at issue, and whose opinion based *solely* on facts garnered in the course of his patient's treatment, i.e., as an "actor" or "viewer," will be introduced at trial, the physician is not considered an "expert" under Rule 26(b). And third, as a hybrid of the first and second, where a party seeks discovery of facts and opinions of a physician who, *prior to anticipated or commenced litigation*, has *treated* a party whose condition is at issue, and whose opinion based *both* on facts garnered in the course of his patient's treatment *and* consideration of matters outside of his patient's treatment will be introduced at trial, i.e., *both* as an "actor" or "viewer" *and* as an "expert" on consideration of matters within the physician's realm of expertise, to the extent the physician's opinion is based on consideration of matters outside the facts garnered by examination and treatment of the party, the physician is considered an "expert" under Rule 26(b). Considering the near identity of Rule 26(b)(4) and § 3226(B)(3), we hold this analysis applicable to § 3226.

¶ 11 Under this analysis, we have reviewed the record in the present case. Appellee listed Ms. Tillman as a witness to testify at trial concerning Appellee's emotional state. Ms. Tillman testified in her deposition that she interviewed Appellee at the request of Appellee's counsel; that pursuant to that request, she met with Appellee on only four occasions; that during those meetings, she conducted some therapeutic counseling, i.e., "treatment," for Appellee's problems; that as a result of her interviews with Appellee, she concluded that Appellee needed additional treatment and recommended a further course of therapy; and that to Ms. Tillman's knowledge, Appellee had not yet initiated the recommended course of therapy. On these facts, and but for Ms. Tillman's admission that she rendered Appellee some therapeutic treatment in the course of her four meetings with Appellee, we find the trial court could reasonably have concluded that Appellee (by counsel) specifically retained Ms. Tillman to conduct an examination of Appellee and form an opinion as to cause and extent of Appellee's emotional condition for the express purpose of appearing at trial and testifying to her opinions based on Ms. Till-

man's examination findings and expertise as to bring Ms. Tillman within the ambit of a § 3226(B)(3)(a)(2) "expert" and qualify her for "expert" witness fees under § 3226(B)(3)(c)(1).

¶ 12 It thus appears we are faced with yet another hybrid of, and not squarely within, the three guides we have discerned, i.e., the status of a health care provider under Rule 26(b)(4) and § 3226(B)(3) specifically retained to testify at trial and express an opinion based *both* on facts gleaned from examination of a party *and* consideration of matters within the physician's realm of expertise, who, in the course of the trial-preparation examination of the party, renders the party treatment. In this regard:

> Courts and commentators now widely recognize the distinction between those experts whose knowledge and views lie within the ambit of Rule 26(b)(4) and those whose do not. (Citations omitted.) In making this distinction, the crucial inquiry is whether the facts and opinions possessed by the expert were obtained for the specific purpose of preparing for the litigation in question; if so, Rule 26(b)(4) governs their discovery.

*Adkins v. Morton*, 494 A.2d 652, 657 (D.C.App.1985). As we factor this "crucial inquiry" into the guides we have recognized, to the extent a party seeks a physician's examination and opinion "for the specific purpose of preparing for the litigation in question," we hold the physician should be considered an "expert" under Rule 26(b), and hence § 3226(B)(3), notwithstanding the rendition of "treatment" incidental to the "specific purpose" for which the physician was retained, i.e., for expression of an expert opinion at trial.

¶ 13 So guided, we have previously recognized facts supportive of the trial court's determination of Ms. Tillman's status as a § 3226(B)(3)(a) expert retained to testify at trial, and to the extent Ms. Tillman rendered treatment incidental to the purpose for which she was retained, Ms. Tillman's status as an "expert witness" remains unaltered. As an expert witness under § 3226(B)(3)(a)(2), Ms. Tillman is entitled to expert witness fees for her "time spent in responding to discovery," i.e., appearing at deposition, under § 3226(B)(3)(c)(1).

¶ 14 Ultimately, the trial court is vested with broad, although not unlimited, discretion in the enforcement of the provisions of § 3226. *Johnson v. District Court of Oklahoma County*, 1987 OK 47, 738 P.2d 151, 152 (insofar as trial court ordered discovery of defendant/insurer's entire claims file by ex parte communication, trial court exceeded its discretionary power, and writ of prohibition issued.) Hence, absent pure error of law in the application of § 3226, the trial court's rulings granting expert witness fees under the provisions of § 3226(B)(3) will not be disturbed unless affected by an abuse of the trial court's discretion. *Drake v. Wal–Mart, Inc.*, 1994 OK CIV APP 47, 876 P.2d 738, 742; *R.J.B. Gas Pipeline Co. v. Colorado Interstate Gas Co.*, 1990 OK CIV APP 47, 813 P.2d 14, 27. Discerning no pure error of law by the trial court in its application of § 3226(B)(3)(a) or (c) as we have construed it, we find the trial court did not abuse its discretion in directing Appellant to pay Ms. Tillman's expert witness fees.

¶ 15 The order of the trial court directing Appellant to pay Ms. Tillman's expert witness fees for her appearance at deposition is therefore AFFIRMED.

HANSEN, P.J., and BUETTNER, J., concur.

