1998 OK CIV APP 143

Clayton B. ATCHLEY,
Plaintiff/Appellant,

v.

Amanda Ann HEWES,
Defendant/Appellee,

and

Samuel A. Hewes, Dennis J. Blue, and
Allstate Insurance Company,
Defendants.

No. 89611.

Court of Civil Appeals of Oklahoma,
Division No. 3.

Aug. 31, 1998.

Keith Myers, Edmond, and Darrell Latham, Altus, for Plaintiff/Appellant.

James M. Kaufman, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for Defendant/Appellee.

## OPINION

ADAMS, Judge.

¶ 1 After Clayton Atchley obtained a judgment against Amanda Ann Hewes in this case, he filed a motion to tax costs, including, *inter alia,* the cost of providing copies of discovery depositions to the opposing parties, an expense for "skip tracing" a witness in order to serve a subpoena, and the expert witness fee paid to doctors whom Atchley deposed during discovery because Hewes indicated they would be called as witnesses. The trial court granted other items of cost, but specifically denied these three items, along with others. Atchley appeals the order on his post-judgment motion but alleges error only with regard to these three specific items.

¶ 2 At the outset, we must note that Atchley has provided us with only a minimal record upon which to base our decision. From this sparse record, we cannot even determine the exact nature of Atchley's claim, although it is apparent it relates to some type of personal injury. Atchley had the burden of causing a record to be prepared which demonstrated the trial court's errors. *Hulsey v. Mid–America Preferred Insurance Company,* 1989 OK 107, 777 P.2d 932. We will not presume the trial court erred from a silent record. *Hamid v. Sew Original,* 1982 OK 46, 645 P.2d 496.

¶ 3 In considering the specific items of cost disallowed, we are constrained by the rule that cost awards must be based upon statutory enactments. *National Educators Life Insurance Company v. Apache Lanes, Inc.,* 1976 OK 121, 555 P.2d 600. In addition, we must first address Hewes' argument that the trial court's order should be affirmed because none of the items of cost enumerated are required to be awarded, and that the trial court's decision was therefore a discretionary one.

¶ 4 Hewes bases this argument on the Legislature's use of the word "may" in 12 O.S.1991 § 942. We recognize the word "may" usually indicates a discretionary act. *Tate v. Browning–Ferris, Inc.,* 1992 OK 72, 833 P.2d 1218. However, where it defies fundamental logic to do otherwise, the Oklahoma Supreme Court has construed "may" to mean "must." *Association of Classroom Teachers of Oklahoma City, Inc. v. Independent School District # 89 of Oklahoma County, Oklahoma,* 1975 OK 118, 540 P.2d 1171. Treating § 942 as giving the trial court discretion concerning whether to award any of the costs outlined in that statute defies fundamental logic if we consider the other statutes relating to costs found in the same chapter.

¶ 5 Title 12, Oklahoma Statutes, 1991, Sections 928 and 929 require costs to be allowed to, respectively, a successful plaintiff or defendant upon a judgment in that party's favor. Because only costs allowed by statute may be awarded, under Hewes' argument we would have to presume the Legislature intended to repeal §§ 928 and 929 when it adopted § 942. When the Legislature

adopted § 942, it did so under a title reading, in pertinent part, "[a]n act relating to civil procedure; specifying costs that judges are *required* to award." Oklahoma Session Laws, 1991, Chapter 165. (Emphasis added). Faced with the conflict presented here, we may properly look to the title to ascertain the purpose and intent of the Legislature. *See Naylor v. Petuskey,* 1992 OK 88, 834 P.2d 439.[1]

¶ 6 In order to harmonize all of the statutory provisions relating to the award of costs, we can only conclude that the Legislature intended the trial court to have no discretion in determining whether a particular type of cost enumerated in § 942 would be allowed. *See also McCully v. Wil–Mc Oil Corp.,* 1994 OK CIV APP 111, 879 P.2d 150. Discretion, however, does exist as to the amount of cost awarded for items which the Legislature has required to be "reasonable."

## COPIES OF DEPOSITIONS

■ ¶ 7 According to 12 O.S.1991 § 942(6), "[r]easonable expenses for taking and transcribing deposition testimony but not to the exceed the fee per page authorized by Section 106.4 of Title 20 of the Oklahoma Statutes for trial transcripts, [and] for furnishing copies to the witness and opposing counsel" may be awarded as costs. Atchley attached an exhibit listing the depositions for which he was claiming such a right, together with the cost of those depositions including transcribing and copies. He did not attach a statement by the court reporter, as required by 12 O.S.Supp.1996 § 3230(J) at least with respect to the cost of transcription. The record contains no breakdown of the cost for copies, how many copies were made, and for what parties. The parties ultimately agreed that Atchley would receive a cost award for the depositions at the maximum statutory rate for the original. The trial court then

denied Atchley's request for an award of the copy cost.

¶ 8 We agree that Atchley was entitled under § 942(6) to the reasonable cost of providing the copies he was required to furnish under 12 O.S.Supp.1996 § 3230(G)(2). However, Atchley has not included in this record any information which was available to the trial court upon which to make an assessment of whether the claimed costs were "reasonable."[2] We will not assume the trial court erred from a silent record. The denial of costs for copies of the depositions is affirmed.

## SKIP TRACING EXPENSE

■ ¶ 9 Atchley claims he is entitled to an award of costs for the expense of skip tracing a witness in order to serve a subpoena, basing the claim on 12 O.S.1991 § 942(3) which allows an award of costs for "[s]tatutory witness fees and reasonable expenses for service of subpoenas." Atchley argues that finding a witness by skip tracing is part of the cost of serving a subpoena. However, § 942(3) does not authorize all expenses of serving subpoenas but only "reasonable expenses." The record is virtually silent on any of the factors needed to decide whether any expense for finding the witness was "reasonable." We are unable even to determine that the witness was actually served with a subpoena, much less whether the witnesses testified, and if it was "reasonable" to obtain that testimony. In the absence of that information, all of which should have been available to the trial court, we cannot conclude the trial court erred in disallowing this item of cost.

## EXPERT WITNESS FEES

■ ¶ 10 The trial court did not allow Atchley to recover the expert witness fees paid to five experts whom he deposed

---

1. Resort to the title is particularly appropriate because Article 5, Section 57, of the Oklahoma Constitution requires the subject of an Legislative act to be expressed in the title. *See State ex rel. Board of Education of City of Tulsa v. Morley,* 168 Okl. 259, 34 P.2d 258 (1934).

2. We are unable to determine from this record, for example, what the court reporter charged for the copies, how many copies were furnished, or how many copies were required. Section 3230(G)(2) only requires a copy to an adverse party "upon request." All or part of that information may have been available to the trial court as a result of handling this case prior to trial.

because he says they were identified by Hewes as potential witnesses for her. According to Atchley, he was required to pay those experts a reasonable fee for discovery under 12 O.S.Supp.1996 § 3226(B)(3)(c)(1). Although § 3226(B)(3)(c)(1) does not specifically provide that the party paying those fees may recover them as costs in the event of judgment in that party's favor, *Dulan v. Johnston,* 1984 OK 44, 687 P.2d 1045, suggests they would be recoverable as costs under § 942. Section 942(3) does mandate allowance of "statutory witness fees." Inasmuch as fees paid to expert witnesses under § 3226(B)(3)(c)(1) are fees required to be paid by statute, we conclude those fees, if required by § 3226(B)(3)(c)(1), should be awarded as costs. Therefore we must determine whether Atchley was required to pay any or all of these witnesses a fee under § 3226(B)(3)(c)(1).

¶ 11 In *McCoy v. Black,* 1997 OK CIV APP 78, 949 P.2d 689, another division of this Court considered the application of § 3226(B)(3)(c)(1) to witnesses who might be termed experts but were actually "fact" witnesses because they had treated one of the parties. After examining the cases interpreting Federal Rule of Civil Procedure 26(b), upon which § 3226(B)(3)(c)(1) is based, the *McCoy* Court "distill[ed] three guides for application of Rule 26(b)" and applied them to this section, stating:

> First, where a party seeks discovery of facts and opinions of a physician specifically retained to testify at trial and express an opinion based *both* on facts gleaned from examination of a party *and* consideration of matters within the physician's realm of expertise, that specially retained physician is considered an "expert" for purposes of Rule 26(b). Second, where a party seeks discovery of facts and opinions of a physician who, *prior to anticipated or commenced litigation,* has *treated* a party whose condition is at issue, and whose opinion based *solely* on facts garnered in the course of his patient's treatment, i.e., as an "actor" or "viewer," will be introduced at trial, the physician is not considered an "expert" under Rule 26(b). And third, as a hybrid of the first and second,

> where a party seeks discovery of facts and opinions of a physician who, *prior to anticipated or commenced litigation,* has *treated* a party whose condition is at issue, and whose opinion based *both* on facts garnered in the course of his patient's treatment *and* consideration of matters outside of his patient's treatment will be introduced at trial, i.e., *both* as an "actor" or "viewer" *and* as an "expert" on consideration of matters within the physician's realm of expertise, to the extent the physician's opinion is based on consideration of matters outside the facts garnered by examination and treatment of the party, the physician is considered an "expert" under Rule 26(b). Considering the near identity of Rule 26(b)(4) and § 3226(B)(3), we hold this analysis applicable to § 3226.

*McCoy,* 1997 OK CIV APP 78, ¶ 10, 949 P.2d at 693–694. (Emphasis in original).

¶ 12 In its order concerning Atchley's cost motion, the trial court made the following pertinent findings concerning the witnesses involved in this issue: "Drs. Cagle and Johnsen were [Hewes'] neurosurgeon and neuropsychologist hired to examine [Atchley] and render opinions. [The remaining witnesses] were [Hewes'] treating psychologist, family physician and psychiatrist, respectively." We have no other information concerning the testimony of any of these physicians or the basis of any opinions they expressed.

¶ 13 Under the *McCoy* guidelines, we must conclude, on the basis of this record, that the fees paid Drs. Cagle and Johnsen were required under § 3226(B)(3)(c)(1), and therefore we conclude the trial court erred in denying those fees as costs to Atchley. However, despite his assertion in his brief that the other witnesses qualify as experts under the *McCoy* guidelines, Atchley has not presented a record which demonstrates the facts to support that assertion. We will not presume error from a silent record. Accordingly, the order denying a cost award for fees paid to the three remaining witnesses will not be disturbed.

## CONCLUSION

¶14 Except with regard to the denial of the fees paid to Drs. Cagle and Johnsen, Atchley has not presented a record sufficient to demonstrate any trial court error. The trial court's order is modified to increase the award of costs by $3,887.50, the fees paid to Drs. Cagle and Johnsen. In all other respects, the trial court's order is affirmed.

AFFIRMED AS MODIFIED.

HANSEN, J., and BUETTNER, P.J., concur.